## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON DIVISION

| | |
|---|---|
| **MARY JOAN BOEHNE** Individually and as Personal Representative of the **Estate of Baby Boy Boehne**, deceased and the **Estate of Jeremy David Ralph Boehne**, deceased, | Case No.: |
| | Judge |
| and | <u>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**</u> |
| **DAVID L. HAHN** Individually and as Personal Representative of the **Estate of Karen M. Boehne**, deceased and the **Estate of Lauren M Hahn**, deceased, | |

Michael Jay Leizerman (0063945)
Andrew R. Young (0071543)
Joshua M Leizerman (0088359)
Rena M. Leizerman (0087151)
**The Law Firm for Truck Safety, LLP**
3232 Executive Parkway, Suite 106
Toledo, OH 43606
Phone: (800) 628-4500
Facsimile: (888) 838-8828
michael@truckaccidents.com
andy@truckaccidents.com
joshua@truckaccidents.com
rena@truckaccidents.com
*Attorneys for Plaintiffs*

and

**AMY M. ROSS**
Individually and as Personal Representative of the **Estate of Kimberly A. Siegrist**, deceased,

　　　Plaintiffs,

v.

**C.H. ROBINSON WORLDWIDE, INC.,**

and

**WALMART, INC.,**

and

**UNIQUE FREIGHT CARRIERS, INC.,**

and

**PAPI BRICHE, LLC,**

and

**BLF TRUCK TRANSPORTATION, LLC,**

and

**DAYREN ROCUBERT,**

      Defendants.

## <u>OVERVIEW</u>

On Christmas Eve 2022, a tractor-trailer driver crossed the median on I-75 while high on cocaine, methamphetamines, and amphetamines and killed five people. C.H. Robinson Worldwide, Inc. hired a motor carrier to haul a Walmart load it knew or should have known **did not have motor carrier operating authority**. The truck driver in this fatal crash appears to have been working for Papi Briche, LLC, which was not authorized by the Department of Transportation to act as a motor carrier in interstate commerce.

The door logo on the tractor-trailer identified Unique Freight Carriers, Inc. as the motor carrier. Unique Freight Carriers claims it was not involved with the load and that neither the tractor-trailer driver, nor Papi Briche, was operating under its authority. C.H. Robinson Worldwide, Inc. apparently contracted with BLF Transportation to haul the load.

While hired by one or more of these companies at the time, the tractor-trailer driver crossed the median on I-75 and crashed into two vehicles: Karen and Jeremy Boehne and their unborn son were in one vehicle, and following in another vehicle

2

were Karen's mother, Kimberly Siegrist, and Karen's sister, Lauren Hahn. None survived. This complaint refers to the five decedents collectively as "the Family."

    

| Kimberly Siegrist | Lauren Hahn | Kimberly (Hahn) Boehne | Jeremy Boehne | Baby Boy Boehne |

## **PARTIES**

1. Plaintiff Mary Joan Boehne, mother of Jeremy David Ralph Boehne, is a domiciliary and citizen of the State of Michigan, residing in Oakland County. On or about March 2, 2023, the Oakland County Probate Court of the State of Michigan qualified and appointed Mary Joan Boehne as Personal Representative of the Estate of Jeremy David Ralph Boehne. The Letters of Authority for Personal Representative are attached as Exhibit A. On or about May 9, 2023, the Oakland County Probate Court of the State of Michigan qualified and appointed Mary Joan Boehne as Personal Representative of the Estate of Baby Boy Boehne. The Amended Letters of Authority are attached as Exhibit B.

2. Plaintiff David L. Hahn, father of Karen M. Boehne and Lauren M. Hahn, is a domiciliary and citizen of the State of Michigan, residing in Wayne County. On or about February 14, 2023, the Oakland County Probate Court of the State of Michigan qualified and appointed David L. Hahn as the Personal Representative

of the Estate of Karen M. Boehne and the Wayne County Probate Court of the State of Michigan qualified David L. Hahn as the Personal Representative of the Estate of Lauren M. Hahn. The Letters of Authority are attached as Exhibit C and Exhibit D, respectively.

3.  Plaintiff Amy M. Ross, daughter of Kimberly A. Siegrist, is a domiciliary and citizen of the State of Ohio, residing in Warren County, Ohio. On or about February 17, 2023, the Livingston County Probate Court of Michigan qualified and appointed Amy M. Ross as the Personal Representative of the Estate of Kimberly A. Siegrist. The Letters of Authority are attached as Exhibit E.

4.  Jeremy David Ralph Boehne was a domiciliary and citizen of the State of Michigan, residing in Oakland County, at the time of his death.

5.  Karen M. Boehne and her unborn son were domiciliaries and citizens of the State of Michigan, residing in Oakland County at the time of their deaths.

6.  Lauren M. Hahn was a domiciliary and citizen of the State of Michigan, residing in Wayne County at the time of her death.

7.  Kimberly A. Siegrist was a domiciliary and citizen of the State of Michigan, residing in Livingston County at the time of her death.

8.  Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota. C.H. Robinson conducts continuous and systematic trucking operations in the State of Ohio. C.H. Robinson has designated Truck Process

Agents of America, Inc., located at 46 Shopping Plaza, #1111, Chagrin Falls, OH 44022 as its agent for service of process.

9. Walmart, Inc. ("Walmart") is a Delaware corporation with its principal place of business located in Bentonville, Arkansas. Walmart regularly conducts business in the State of Ohio. Walmart has designated CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 as its agent for service of process.

10. Defendant Unique Freight Carriers, Inc. ("Unique") is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2562511 and is a business entity organized and existing under the laws of the State of Illinois with its principal place of business in Palos Hills, Illinois. Defendant Unique has designated Bettina Jackson, located at 1873 S. Belmont Ave., Springfield, OH 45505 as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366. Unique regularly engages in business in Ohio.

11. Defendant Papi Briche, LLC ("Papi Briche") is a business entity formed under the laws of the State of Florida with its principal place of business located in Hialeah, Florida. Papi Briche conducts continuous and systematic trucking operations in the State of Ohio. Papi Briche has designated Abimael Fuente, located at 1280 W. 54th St., Apt. 229, Hialeah, FL 33012 as its agent for service

of process. Upon information and belief, no members of Papi Briche are citizens or domiciliaries of Michigan.

12. BLF Truck Transportation, LLC ("BLF") is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 3925496 and is a business entity organized and existing under the laws of the State of Florida with its principal place of business in Hialeah Florida. Defendant BLF has designated Eric Beery, located at 5025 Arlington Centre Blvd., Suite 550, Columbus, OH 43220, as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366. BLF regularly engages in business in Ohio.

13. Defendant Dayren Rocubert resides at 350 W. 31 Street, Hialeah, FL 33012. Mr. Rocubert is a domiciliary of the State of Florida.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (that is, the collision) occurred in Franklin Township, Shelby County, Ohio, which is located in this judicial district. This Court has subject matter and personal jurisdiction over the Defendants.

## FIRST CAUSE OF ACTION
*Wrongful Death – Negligence of Dayren Rocubert*

16. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

17. On December 24, 2022, Dayren Rocubert was driving a tractor-trailer northbound on Interstate 75 in Franklin Township, Shelby County, Ohio.

18. At the same time, the Family was travelling southbound on Interstate 75 in two vehicles.

19. Defendant Dayren Rocubert lost control of his tractor-trailer and crossed the median, crashing into both of the Family's vehicles.

20. In a federally-mandated post-crash drug screen, Defendant Dayren Rocubert tested positive for cocaine, methamphetamines, and amphetamines.

21. Defendant Dayren Rocubert did not have a record of duty status at the time of the crash, as required by 49 C.F.R. § 395.8.

22. Jeremy Boehne, Lauren Hahn, and Kimberly Siegrist were pronounced dead at the scene.

23. Karen Boehne was approximately 26 weeks pregnant with her and her husband, Jeremy Boehne's unborn son at the time of the crash.

24. Karen Boehne was taken from the scene to Wilson Memorial Hospital and transported to Miami Valley Hospital. She was pronounced dead en route to Miami Valley Hospital.

25. Defendant Dayren Rocubert had a duty to drive his tractor-trailer in a safe and reasonable manner, to obey all traffic laws, to not drive while distracted, to not

drive while texting, to not drive while ill, to not drive while unalert, to not drive while fatigued, and to not drive under the influence of illegal controlled substances.

26. On December 24, 2022, Defendant Dayren Rocubert failed in the above-mentioned duties and is therefore negligent.

27. Defendant Dayren Rocubert's negligence was the direct and proximate cause of the Family's injuries and death.

28. As a direct and proximate result of the negligence of all defendants, the Family's next of kin and beneficiaries, including Jeremy Boehne's mother and Baby Boy Boehne's grandmother, Mary Joan Boehne; Karen Boehne and Lauren Hahn's father, David Hahn, and sister Amy Ross; and, Kimberly Siegrist's daughter Amy Ross, have experienced loss of the Family's support, loss of services and his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, grief, anguish and emotional trauma in the past and will continue to experience the same in the future.

## SECOND CAUSE OF ACTION
*Vicarious Liability of Papi Briche, LLC*

29. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

30. Upon information and belief, Papi Briche had hired Defendant Dayren Rocubert to pick up and transport Papi Briche's trailer back to Florida, while allowing Rocubert to pick up and haul loads for other shippers or brokers.

31. At all relevant times, Defendant Dayren Rocubert was the employee, agent, servant, or independent contractor for Defendant Papi Briche. Accordingly, Defendant Papi Briche is vicariously liable for the acts of Defendant Dayren Rocubert described in the causes of action above and below.

32. Regardless of the employment or agency relationship, Defendant Papi Briche was acting as an interstate motor carrier and is therefore responsible for the acts of the defendant driver.

### THIRD CAUSE OF ACTION
*Negligence of Papi Briche, LLC.*

33. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

34. Defendant Papi Briche had a duty not to transport goods in interstate commerce without being authorized by the FMCSA to act as a motor carrier.

35. Defendant Papi Briche had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Dayren Rocubert, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Papi Briche had a duty to exercise reasonable care in all its actions and omissions.

36. Defendant Papi Briche had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

37. Defendant Papi Briche also had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers do not operate a commercial motor vehicle while under the influence of illegal controlled substances.

38. Defendant Papi Briche failed in the above-mentioned duties and is therefore negligent.

39. Defendant Papi Briche's negligence was the direct and proximate cause of the injuries and death of the Family and the damages described in this Complaint.

## FOURTH CAUSE OF ACTION
*Vicarious Liability of Unique Freight Carriers, Inc.*

40. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

41. At all relevant times, Defendants Dayren Rocubert and Papi Briche were the employees, agents, servants, or independent contractors for Defendant Unique. Accordingly, Defendant Unique is vicariously liable for the acts of Dayren Rocubert and Papi Briche described in the causes of action above and below.

42. Regardless of the employment or agency relationship, Defendant Unique is an interstate motor carrier and the registered owner of the USDOT number 2562511 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the defendant driver.

## FIFTH CAUSE OF ACTION
*Negligence of Unique Freight Carriers, Inc.*

43. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

44. Defendant Unique had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Dayren Rocubert, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe and to exercise reasonable care in all its actions and omissions.

45. Defendant Unique had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

46. Defendant Unique had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers followed all industry standards, including federal safety regulations regarding Hours of Service and maintaining the Driver's Daily Log.

47. Defendant Unique also had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers do not operate a commercial motor vehicle while under the influence of illegal controlled substances.

48. Defendant Unique also had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers do not drive while

distracted and to create a corporate culture that encourages safe driving practices.

49. Defendant Unique failed in the above-mentioned duties and was therefore negligent.

50. Defendant Unique's negligence was the direct and proximate cause of the injuries and death of the Family and the damages described in this Complaint.

## SIXTH CAUSE OF ACTION
### *Vicarious Liability of BLF Transportation, LLC*

51. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

52. At all relevant times, Defendants Dayren Rocubert and Papi Briche were the employees, agents, servants, or independent contractors for Defendant BLF. Accordingly, Defendant BLF is vicariously liable for the acts of Dayren Rocubert and Papi Briche described in the causes of action above and below.

53. Regardless of the exact nature of their employment or agency relationship, Defendant BLF is an interstate motor carrier who hired or retained Dayren Rocubert to drive a commercial motor vehicle under its authority and is therefore responsible for the acts of the defendant driver.

## SEVENTH CAUSE OF ACTION
### *Negligence of BLF Transportation, LLC*

54. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

55. Defendant BLF had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Dayren Rocubert, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe and to exercise reasonable care in all its actions and omissions.

56. Defendant BLF had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

57. Defendant BLF had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers followed all industry standards, including federal safety regulations regarding Hours of Service and maintaining the Driver's Daily Log.

58. Defendant BLF also had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers do not operate a commercial motor vehicle while under the influence of illegal controlled substances.

59. Defendant BLF also had a duty to exercise reasonable care in establishing and enforcing rules and safeguards to ensure its drivers do not drive while distracted and to create a corporate culture that encourages safe driving practices.

60. Defendant BLF failed in the above-mentioned duties and was therefore negligent.

61. Defendant BLF's negligence was the direct and proximate cause of the injuries and death of the Family and the damages described in this Complaint.

## EIGHTH CAUSE OF ACTION
*Vicarious Liability of C.H. Robinson Worldwide, Inc.*

62. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

63. Defendant C.H. Robinson had the right to control the manner of work performed, the right to discharge, the method of payment, and/or the level of skill involved, among other things, with respect to Defendants Unique, Papi Briche, and/or BLF and the transportation of this load.

64. At all times relevant, Defendant C.H. Robinson acted through their employees or agents acting within the scope of their employment or agency with C.H. Robinson.

65. The actions and omissions of Defendants Dayren Rocubert, Unique, Papi Briche, and/or BLF were committed within the course and scope of their employment and/or agency with Defendant C.H. Robinson.

66. As principal or employer of Defendants Unique, Papi Briche, and/or BLF, Defendant C.H. Robinson is vicariously liable for the negligence of Defendants Unique, Papi Briche, and/or BLF, the damages proximately caused thereby.

67. Defendant C.H. Robinson also is vicariously liable for the collision as a motor carrier for the load, and statutory employer of Defendants Dayren Rocubert, Unique, Papi Briche, and/or BLF.

## NINTH CAUSE OF ACTION
*Negligence of C.H. Robinson Worldwide, Inc.*

68. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

69. Defendant C.H. Robinson hired or contracted with Unique, an unsafe motor carrier with no FMCSA safety rating.

70. In the alternative, Defendant C.H. Robinson hired or contracted with BLF, a new, unsafe, motor carrier with no FMCSA safety rating, which more likely than not had never had any safety audit to see if they had any policies in place to ensure compliance with FMCSA regulations.

71. C.H. Robinson failed to investigate whether BLF, as a new motor carrier, had any safety compliance policies in place.

72. In the alternative, C.H. Robinson hired or contracted with BLF, but took no actions to verify that it had, in fact, contracted with BLF, rather than imposters falsely claiming to be BLF and operating under stolen authority.

73. In the alternative, C.H. Robinson hired or contracted with Papi Briche, which is not authorized by the FMCSA to act as a motor carrier.

74. In the alternative, C.H. Robinson hired or contracted with Unique, but took no actions to verify that it had, in fact, contracted with Unique rather than imposters falsely claiming to be Unique and operating under stolen authority.

75. At all relevant times, Defendant C.H. Robinson owed the Family and the public at large a duty to exercise ordinary care and act reasonably in arranging transportation on public roadways, in investigating the fitness of Unique, BLF,

and Papi Briche prior to hiring any of these companies to carry the load on public highways and not to hire or retain a trucking company that C.H. Robinson knew or should have known posed a risk of harm to others and which was otherwise not competent or fit to operate commercial motor vehicles on public roadways.

76. Unique, BLF, and Papi Briche were unauthorized or incompetent truck companies that hired an incompetent driver, Defendant Dayren Rocubert.

77. Unique, BLF, and Papi Briche's incompetence and hiring and retention of an incompetent and unfit driver, were direct and proximate causes of this fatal collision.

78. Defendant C.H. Robinson, a sophisticated transportation services provider that is regularly engaged in the business of shipping, knew or should have known that Unique, BLF, and Papi Briche were not authorized to transport goods in instate commerce or were incompetent and should not have hired them.

79. Defendant C.H. Robinson negligently breached each of these duties, which it owed to the motoring public, including the Family, by failing to exercise due care in arranging the transportation for the load, by hiring and/or retaining Unique, BLF, and Papi Briche when C.H. Robinson either knew or should have known that these companies posed a risk of harm to others and were otherwise incompetent and unfit to perform the duties of an interstate motor carrier, or intentionally chose not to know.

80. Defendant C.H. Robinson's negligence was the direct and proximate cause of the injuries and death of the Family and the damages described in this Complaint.

16

## TENTH CAUSE OF ACTION
*Negligence of Walmart, Inc.*

81. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

82. Defendant Walmart hired or contracted with C.H. Robinson to broker a load.

83. Defendant Walmart had a duty to hire a reasonably safe broker to haul its loads.

84. Defendant Walmart had a duty to hire a broker with reasonable policies and procedures in place to screen motor carriers for safety.

85. C.H. Robinson hired or retained Unique, Papi Briche, or BLF to transport that load, putting one or more of those defendants and Dayren Rocubert on the public highways.

86. Upon information and belief, Walmart will not hire or contract with any motor carrier that does not have a Satisfactory safety rating from the FMCSA.

87. Neither Unique, Papi Briche, nor BLF had a Satisfactory safety rating.

88. Walmart had a duty to ensure that C.H. Robinson complied with Walmart's own rules in selecting motor carriers to haul Walmart loads.

89. Walmart had a duty to ensure that the motor carriers retained by C.H. Robinson were authorized by the FMCSA to transport goods in interstate commerce.

90. Walmart failed in the above-mentioned duties and is therefore negligent.

91. Walmart's negligence was the direct and proximate cause of the injuries and death of the Family and the damages described in this Complaint.

## ELEVENTH CAUSE OF ACTION
*Joint Venture*

92. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

93. Defendants Walmart, C.H. Robinson Worldwide, Unique Freight, BLF, Papi Briche, and/or Dayren Rocubert were engaged in a joint venture under an express or implied contract; had the intent to associate as joint venturers; each contributed to the common enterprise; each had control or authority over the enterprise; and each shared in profits and losses and were operating a single enterprise.

## TWELFTH CAUSE OF ACTION
*Survival Action*

94. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

95. As a direct and proximate result of the negligence of all Defendants, the Family experienced terror and conscious anguish, suffering and pain prior to their death.

96. As a direct and proximate result of the negligence of all Defendants, Karen Boehne experienced conscious anguish, suffering and pain prior to her death.

97. As a direct and proximate result of Defendants' negligence, the Family's property and personal effects, including clothing and electronic devices, were damaged or destroyed.

98. Defendant Dayren Rocubert's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Dayren Rocubert.

99. Defendant Papi Briche's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Papi Briche.

100. Defendant Unique's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Unique.

101. Defendant BLF's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant BLF.

102. Defendant C.H. Robinson's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant C.H. Robinson.

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor and against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars, exclusive of costs and interest, in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

*/s/ Michael Jay Leizerman*
**Michael Jay Leizerman**
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all triable issues.

*/s/ Michael Jay Leizerman*
**Michael Jay Leizerman**
*Attorney for Plaintiffs*