05854.00167

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON DIVISION

| | |
|---|---|
| MARY JOAN BOEHNE<br>Individually and as Personal Representative of<br>the Estate of Baby Boy Boehne, deceased and<br>the Estate of Jeremy David Ralph Boehne<br><br>DAVID L. HAHN<br>Individually and as Personal Representative of<br>the Estate of Karen M. Boehne, deceased and<br>the Estate of Lauren M. Han, deceased,<br><br>AMY M. ROSS<br>Individually and as Personal Representative of<br>the Estate of Kimberly A. Siegrist, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>C.H. ROBINSON WORLDWIDE, INC.;<br>WALMART, INC.; UNIQUE FREIGHT<br>CARRIERS, INC.; PAPI BRICHE, LLC; BLF<br>TRUCK TRANSPORTATION, LLC; and<br>DAYREN ROCUBERT,<br><br>    Defendants. | CASE NO. 3:23-cv-00158-MJN-CHG<br><br><br>**JURY DEMAND** |

## C.H. ROBINSON WORLDWIDE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") by and through their

attorney, Geoffrey A. Belzer of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows

for their Answer to Plaintiff's Complaint:

## PARTIES

1.    Plaintiff Mary Joan Boehne, mother of Jeremy David Ralph Boehne, is a

domiciliary and citizen of the State of Michigan, residing in Oakland County. On or about March

2, 2023, the Oakland County Probate Court of the State of Michigan qualified and appointed Mary

05854.00167

Joan Boehne as Personal Representative of the Estate of Jeremy David Ralph Boehne. The Letters of Authority for Personal Representative are attached as Exhibit A. On or about May 9, 2023, the Oakland County Probate Court of the State of Michigan qualified and appointed Mary Joan Boehne as Personal Representative of the Estate of Baby Boy Boehne. The Amended Letters of Authority are attached as Exhibit B.

**ANSWER: Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 1 of the Complaint and, as such, denies same for want of knowledge.**

2. Plaintiff David L. Hahn, father of Karen M. Boehne and Lauren M. Hahn, is a domiciliary and citizen of the State of Michigan, residing in Wayne County. On or about February 14, 2023, the Oakland County Probate Court of the State of Michigan qualified and appointed David L. Hahn as the Personal Representative of the Estate of Karen M. Boehne and the Wayne County Probate Court of the State of Michigan qualified David L. Hahn as the Personal Representative of the Estate of Lauren M. Hahn. The Letters of Authority are attached as Exhibit C and Exhibit D, respectively.

**ANSWER: Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 2 of the Complaint and, as such, denies same for want of knowledge.**

3. Plaintiff Amy M. Ross, daughter of Kimberly A. Siegrist, is a domiciliary and citizen of the State of Ohio, residing in Warren County, Ohio. On or about February 17, 2023, the Livingston County Probate Court of Michigan qualified and appointed Amy M. Ross as the Personal Representative of the Estate of Kimberly A. Siegrist. The Letters of Authority are attached as Exhibit E.

**ANSWER: Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 3 of the Complaint and, as such, denies same for want of knowledge.**

284895459v.1

05854.00167

4.      Jeremy David Ralph Boehne was a domiciliary and citizen of the State of Michigan, residing in Oakland County, at the time of his death.

**ANSWER:      Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 4 of the Complaint and, as such, denies same for want of knowledge.**

5.      Karen M. Boehne and her unborn son were domiciliaries and citizens of the State of Michigan, residing in Oakland County at the time of their deaths.

**ANSWER:      Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 5 of the Complaint and, as such, denies same for want of knowledge.**

6.      Lauren M. Hahn was a domiciliary and citizen of the State of Michigan, residing in Wayne County at the time of her death.

**ANSWER:      Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 6 of the Complaint and, as such, denies same for want of knowledge.**

7.      Kimberly A. Siegrist was a domiciliary and citizen of the State of Michigan, residing in Livingston County at the time of her death.

**ANSWER:      Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 7 of the Complaint and, as such, denies same for want of knowledge.**

8.      Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota. C.H. Robinson conducts continuous and systematic trucking operations in the State of Ohio. C.H. Robinson has designated Truck Process Agents of America, Inc., located at 46 Shopping Plaza, #1111, Chagrin Falls, OH 44022 as its agent for service of process.

**ANSWER:      Robinson admits that it is a Delaware corporation with a principle place of business in Eden Prairie, MN and that it was served with the Complaint through its**

284895459v.1

05854.00167

**registered agent, Truck Process Agents of America, Inc.  Robinson denies that it conducts continuous and systematic trucking operations in the State of Ohio.**

9. Walmart, Inc. ("Walmart") is a Delaware corporation with its principal place of business located in Bentonville, Arkansas. Walmart regularly conducts business in the State of Ohio. Walmart has designated CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 as its agent for service of process.

**ANSWER:   Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 9 of the Complaint and, as such, denies same for want of knowledge.**

10. Defendant Unique Freight Carriers, Inc. ("Unique") is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2562511 and is a business entity organized and existing under the laws of the State of Illinois with its principal place of business in Palos Hills, Illinois. Defendant Unique has designated Bettina Jackson, located at 1873 S. Belmont Ave., Springfield, OH 45505 as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366. Unique regularly engages in business in Ohio.

**ANSWER:   Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 10 of the Complaint and, as such, denies same for want of knowledge.**

11. Defendant Papi Briche, LLC ("Papi Briche") is a business entity formed under the laws of the State of Florida with its principal place of business located in Hialeah, Florida. Papi Briche conducts continuous and systematic trucking operations in the State of Ohio. Papi Briche has designated Abimael Fuente, located at 1280 W. 54th St., Apt. 229, Hialeah, FL 33012 as its agent for service of process.  Upon information and belief, no members of Papi Briche are citizens or domiciliaries of Michigan.

05854.00167

**ANSWER:** **Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 11 of the Complaint and, as such, denies same for want of knowledge.**

12. BLF Truck Transportation, LLC ("BLF") is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 3925496 and is a business entity organized and existing under the laws of the State of Florida with its principal place of business in Hialeah Florida. Defendant BLF has designated Eric Beery, located at 5025 Arlington Centre Blvd., Suite 550, Columbus, OH 43220, as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366. BLF regularly engages in business in Ohio.

**ANSWER:** **Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 13 of the Complaint and, as such, denies same for want of knowledge.**

13. Defendant Dayren Rocubert resides at 350 W. 31 Street, Hialeah, FL 33012. Mr. Rocubert is a domiciliary of the State of Florida.

**ANSWER:** **Robinson has insufficient personal knowledge to admit or deny the allegations stated in Paragraph 13 of the Complaint and, as such, denies same for want of knowledge.**

<u>JURISDICTION AND VENUE</u>

14. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**ANSWER:** **Admitted.**

15. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (that is, the collision) occurred in Franklin

284895459v.1

05854.00167

Township, Shelby County, Ohio, which is located in this judicial district. This Court has subject matter and personal jurisdiction over the Defendants.

**ANSWER:** **Admitted.**

## FIRST CAUSE OF ACTION
*Wrongful Death – Negligence of Dayren Rocubert*

There are no allegations stated against C.H. Robinson in the First Cause of Action of the Complaint, and as such, no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the First Cause of Action

## SECOND CAUSE OF ACTION
*Vicarious Liability of Papi Briche, LLC*

There are no allegations stated against C.H. Robinson in the Second Cause of Action of the Complaint, and as such, no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Second Cause of Action

## THIRD CAUSE OF ACTION
*Negligence of Papi Briche, LLC*

There are no allegations stated against C.H. Robinson in the Third Cause of Action of the Complaint, and as such, no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Third Cause of Action

## FOURTH CAUSE OF ACTION
*Vicarious Liability of Unique Freight Carriers, Inc.*

There are no allegations stated against C.H. Robinson in the Fourth Cause of Action of the Complaint, and as such, no responsive pleading is required. To the extent that a

284895459v.1

05854.00167

responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Fourth Cause of Action

### FIFTH CAUSE OF ACTION
*Negligence of Unique Freight Carriers, Inc.*

There are no allegations stated against C.H. Robinson in the Fifth Cause of Action of the Complaint, and as such, no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Fifth Cause of Action

### SIXTH CAUSE OF ACTION
*Vicarious Liability of BLF Transportation, LLC*

There are no allegations stated against C.H. Robinson in the Sixth Cause of Action of the Complaint, and as such, no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Sixth Cause of Action

### SEVENTH CAUSE OF ACTION
*Negligence of BLF Transportation, LLC*

There are no allegations stated against C.H. Robinson in the Seventh Cause of Action of the Complaint, and as such, no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Seventh Cause of Action

### EIGHTH CAUSE OF ACTION
*Vicarious Liability of C.H. Robinson Worldwide, Inc.*

62. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

05854.00167

**ANSWER:    In response to Paragraph 62 of the Complaint, Robinson incorporates by reference its answer to Paragraphs 1-61 as if fully restated herein.**

63.    Defendant C.H. Robinson had the right to control the manner of work performed, the right to discharge, the method of payment, and/or the level of skill involved, among other things, with respect to Defendants Unique, Papi Briche, and/or BLF and the transportation of this load.

**ANSWER:    Denied as to Unique and Papi Briche.  As to BLF, Robinson admits that a Contract for Motor Contract Carrier Services existed between itself and BLF which was in effect at all relevant times.  That contract, as a written document, speaks for itself regarding its content.  To the extent that any allegation stated in Paragraph 63 is contrary to the express written document, such allegations are denied.**

64.    At all times relevant, Defendant C.H. Robinson acted through their employees or agents acting within the scope of their employment or agency with C.H. Robinson.

**ANSWER:    Denied.**

65.    The actions and omissions of Defendants Dayren Rocubert, Unique, Papi Briche, and/or BLF were committed within the course and scope of their employment and/or agency with Defendant C.H. Robinson.

**ANSWER:    Denied.**

66.    As principal or employer of Defendants Unique, Papi Briche, and/or BLF, Defendant C.H. Robinson is vicariously liable for the negligence of Defendants Unique, Papi Briche, and/or BLF, the damages proximately caused thereby.

**ANSWER:    Denied.**

05854.00167

67. Defendant C.H. Robinson also is vicariously liable for the collision as a motor carrier for the load, and statutory employer of Defendants Dayren Rocubert, Unique, Papi Briche, and/or BLF.

**ANSWER: Denied.**

## NINTH CAUSE OF ACTION
*Negligence of C.H. Robinson Worldwide, Inc.*

68. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

**ANSWER: In response to Paragraph 68 of the Complaint, Robinson incorporates by reference its answer to Paragraphs 1-67 as if fully restated herein.**

69. Defendant C.H. Robinson hired or contracted with Unique, an unsafe motor carrier with no FMCSA safety rating.

**ANSWER: Denied.**

70. In the alternative, Defendant C.H. Robinson hired or contracted with BLF, a new, unsafe, motor carrier with no FMCSA safety rating, which more likely than not had never had any safety audit to see if they had any policies in place to ensure compliance with FMCSA regulations.

**ANSWER: Robinson admits that a Contract for Motor Contract Carrier Services existed between itself and BLF which was in effect at all relevant times. That contract, as a written document, speaks for itself regarding its content.**

**Robinson denies all other allegations stated in Paragraph 70 of the Complaint.**

71. C.H. Robinson failed to investigate whether BLF, as a new motor carrier, had any safety compliance policies in place.

**ANSWER: Denied.**

284895459v.1

05854.00167

72. In the alternative, C.H. Robinson hired or contracted with BLF, but took no actions to verify that it had, in fact, contracted with BLF, rather than imposters falsely claiming to be BLF and operating under stolen authority.

**ANSWER: Denied.**

73. In the alternative, C.H. Robinson hired or contracted with Papi Briche, which is not authorized by the FMCSA to act as a motor carrier.

**ANSWER: Denied.**

74. In the alternative, C.H. Robinson hired or contracted with Unique, but took no actions to verify that it had, in fact, contracted with Unique rather than imposters falsely claiming to be Unique and operating under stolen authority.

**ANSWER: Denied.**

75. At all relevant times, Defendant C.H. Robinson owed the Family and the public at large a duty to exercise ordinary care and act reasonably in arranging transportation on public roadways, in investigating the fitness of Unique, BLF, and Papi Briche prior to hiring any of these companies to carry the load on public highways and not to hire or retain a trucking company that C.H. Robinson knew or should have known posed a risk of harm to others and which was otherwise not competent or fit to operate commercial motor vehicles on public roadways.

**ANSWER: In answer to Paragraph 75 of the Complaint, Robinson states that its legal duty to the public is established by law and not by pleading. To the extent that the allegations stated in Paragraph 75 are contrary to the applicable law for this matter such allegations are denied.**

76. Unique, BLF, and Papi Briche were unauthorized or incompetent truck companies that hired an incompetent driver, Defendant Dayren Rocubert.

284895459v.1

05854.00167

**ANSWER: Robinson denies that BLF was an unauthorized or incompetent truck company.**

**Further answering, Robinson has insufficient knowledge to admit or deny the remaining allegations stated in Paragraph 76 of the Complaint and, as such, denies same for want of knowledge.**

77. Unique, BLF, and Papi Briche's incompetence and hiring and retention of an incompetent and unfit driver, were direct and proximate causes of this fatal collision.

**ANSWER: Robinson denies that BLF was an unauthorized or incompetent truck company.**

**Further answering, Robinson has insufficient knowledge to admit or deny the remaining allegations stated in Paragraph 77 of the Complaint and, as such, denies same for want of knowledge.**

78. Defendant C.H. Robinson, a sophisticated transportation services provider that is regularly engaged in the business of shipping, knew or should have known that Unique, BLF, and Papi Briche were not authorized to transport goods in instate commerce or were incompetent and should not have hired them.

**ANSWER: Denied.**

79. Defendant C.H. Robinson negligently breached each of these duties, which it owed to the motoring public, including the Family, by failing to exercise due care in arranging the transportation for the load, by hiring and/or retaining Unique, BLF, and Papi Briche when C.H. Robinson either knew or should have known that these companies posed a risk of harm to others and were otherwise incompetent and unfit to perform the duties of an interstate motor carrier, or intentionally chose not to know.

05854.00167

**ANSWER: Denied.**

80. Defendant C.H. Robinson's negligence was the direct and proximate cause of the injuries and death of the Family and the damages described in this Complaint.

**ANSWER: Denied.**

### TENTH CAUSE OF ACTION
*Negligence of Walmart, Inc.*

**There are no allegations stated against C.H. Robinson in the Tenth Cause of Action of the Complaint, and as such, no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, C.H. Robinson denies all allegations stated in the Tenth Cause of Action**

### ELEVENTH CAUSE OF ACTION
*Joint Venture*

92. All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

**ANSWER: In response to Paragraph 92 of the Complaint, Robinson incorporates by reference its answer to Paragraphs 1-91 as if fully restated herein.**

93. Defendants Walmart, C.H. Robinson Worldwide, Unique Freight, BLF, Papi Briche, and/or Dayren Rocubert were engaged in a joint venture under an express or implied contract; had the intent to associate as joint venturers; each contributed to the common enterprise; each had control or authority over the enterprise; and each shared in profits and losses and were operating a single enterprise.

**ANSWER: Denied.**

### TWELFTH CAUSE OF ACTION
*Survival Action*

284895459v.1

05854.00167

94.     All allegations and causes of action in this Complaint, pleaded above and below, are incorporated into this cause of action by reference.

**ANSWER:    In response to Paragraph 94 of the Complaint, Robinson incorporates by reference its answer to Paragraphs 1-93 as if fully restated herein.**

95.     As a direct and proximate result of the negligence of all Defendants, the Family experienced terror and conscious anguish, suffering and pain prior to their death.

**ANSWER:    Denied.**

96.     As a direct and proximate result of the negligence of all Defendants, Karen Boehne experienced conscious anguish, suffering and pain prior to her death.

**ANSWER:    Denied.**

97.     As a direct and proximate result of Defendants' negligence, the Family's property and personal effects, including clothing and electronic devices, were damaged or destroyed.

**ANSWER:    Denied.**

98.     Defendant Dayren Rocubert's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Dayren Rocubert.

**ANSWER:    Denied.**

99.     Defendant Papi Briche's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability

284895459v.1

05854.00167

of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Papi Briche.

**ANSWER:    Denied.**

100.    Defendant Unique's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Unique.

**ANSWER:    Denied.**

101.    Defendant BLF's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant BLF.

**ANSWER:    Denied.**

102.    Defendant C.H. Robinson's actions demonstrate a conscious disregard for the rights and safety of the Family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant C.H. Robinson.

**ANSWER:    Denied.**

### AFFIRMATIVE DEFENSES

284895459v.1

05854.00167

C.H. Robinson Worldwide, Inc., by and through counsel of record, states the following for its affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The accident complained of was a sudden emergency.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred and/or limited by the failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims result from superseding and intervening circumstances and/or events over which no Defendant had authority to control.

### FIFTH AFFIRMATIVE DEFENSE

The amount of compensatory damages recoverable is capped by statute.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the comparative negligence of decedents by greater than 50%.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are subject to reduction of up to 50% arising from the comparative negligence of Plaintiff's decedents.

### EIGHTH AFFIRMATIVE DEFENSE

Robinson is liable only for his proportionate share of compensatory damages under Ohio Revised Code §2307.22(c), and is entitled to a jury interrogatory as to this issue pursuant to O.R.C. §2307.23. Robinson will exercise its right to require such an interrogatory at trial.

284895459v.1

05854.00167

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary parties.

## TENTH AFFIRMATIVE DEFENSE

Robinson is entitled to an offset against any potential damages awarded to the Plaintiff, as a result of any payment made to the Plaintiff by other co-defendants, insurance companies, governmental entities or agencies, or any other third parties as payment for or relating to the alleged injury or damage of Plaintiff and Plaintiff's decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by state or federal law, including but not limited to, the Federal Aviation Administration Authorization Act of 1994 (FAAAA).

## TWELFTH AFFIRMATIVE DEFENSE

Robinson reserves the right to assert additional affirmative defenses at a future date pursuant to evidence obtained during discovery.

## PRAYER FOR RELIEF

WHEREFORE Defendant C.H. Robinson Worldwide, Inc. prays this Honorable Court dismiss Plaintiff's Complaint at Law, that judgment be entered in their favor and against Plaintiff, and this Court award any such other relief as it deems equitable and just.

Respectfully submitted,

/s/ Geoffrey A. Belzer
Geoffrey A. Belzer
**Wilson Elser Moskowitz Edelman & Dicker, LLP**
55 West Monroe Street – Suite 3800
Chicago, IL  60603-5001
(312) 704-0550; fax:  (312) 704-1522
geoffrey.belzer@wilsonelser.com
Attorney for Defendant C.H. Robinson Worldwide, Inc.

284895459v.1

05854.00167

## JURY DEMAND

Defendant C.H. Robinson Worldwide, Inc. demands a trial by jury on all issues.


/s/ Geoffrey A. Belzer
Geoffrey A. Belzer

05854.00167

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on July 26, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on all counsel of record by CM/ECF Electronic Notification.


*/s/ Geoffrey A. Belzer*

284895459v.1