UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARY JOAN BOEHNE, *et al.*,

    Plaintiffs,

vs.

C.H. ROBINSON WORLDWIDE, INC.,
*et al.*,

    Defendants.

Case No. 3:23-cv-158

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT (Doc. No. 29); AND (2) SETTING A DAMAGES HEARING ON AUGUST 14, 2024 AT 10:00 A.M.**

---

    This civil case arises from the alleged negligence of a tractor-trailer driver who purportedly crossed the median on an interstate and killed four family members and an unborn child. Doc. No. 1 at PageID 2-3. This matter is before the Court on a motion for default judgment filed by Plaintiffs Mary Joan Boehne, David L. Hahn, and Amy M. Ross—individually and as personal representatives of their deceased family members—against Defendants BLF Truck Transportation, LLC ("BLF"), Dayren Rocubert, and Papi Briche, LLC ("Papi Briche"). Doc. No. 29.

    Plaintiffs allege that on December 24, 2022, Defendant Dayren Rocubert negligently drove a tractor-trailer when he crashed into two cars, killing Kimberly A. Siegrist, Lauren M. Hahn, Jeremy David Ralph Boehne, Karen M. Boehne, and Karen's unborn son. Doc. No. 1 at PageID 1-6. Plaintiffs filed this action against Defendants Rocubert, the driver; BLF, a for-hire motor carrier; Papi Briche, a trucking company; C.H. Robinson Worldwide, Inc., a trucking company; Walmart, Inc; and Unique Freight Carriers, Inc., a for-hire motor carrier. *Id*. Plaintiffs seek

damages in excess of $75,000, punitive damages, costs, and other relief deemed just under the circumstances.  Doc. No. 1 at PageID 20.

After Defendants BLF, Rocubert, and Papi Briche ("Defendants") failed to timely respond to the complaint or appear in this matter, the Clerk of Court docketed an entry of default against those Defendants pursuant to Fed. R. Civ. P. 55(a).  Doc. Nos. 25, 28.  Plaintiffs thereafter moved for a default judgment against those Defendants pursuant to Fed. R. Civ. P. 55(b).  Doc. No. 29.  Defendants have not filed a memorandum in opposition, and the time for doing so under S.D. Ohio Civ. R. 7.2(a)(2) has expired.  Thus, this matter is ripe for review.

## I.

A party defaults when it fails to "plead or otherwise defend" an action.  Fed. R. Civ. P. 55(a).  Once default is shown by affidavit or otherwise, "the clerk must enter the party's default."  *Id.*  After entry of default against a defaulting party:

> If plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has defaulted by not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).  Otherwise, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  In determining whether to enter a default judgment, the Court should consider: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits."  *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

Plaintiffs perfected service on Defendants.  Doc. Nos.  6, 7, 26.  Despite proper service, Defendants have failed to file an answer or otherwise plead in response to Plaintiffs' complaint within the time allowed under Fed. R. Civ. P. 12.  As a result, the Clerk entered a default against

Defendants.  Doc. Nos. 25, 28.  Defendants have since failed to offer any objection to the entry of default and have not moved to set aside that default.  Without such action by Defendants, the record lacks any explanation for Defendants' failure to respond to Plaintiffs' complaint.  Therefore, default judgment is warranted against Defendants.

This does not end the matter because a default judgment fails as a matter of law if Plaintiffs' complaint does not assert a plausible claim upon which relief can be granted.  *See Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010).  Moreover, the Court must determine that jurisdiction is proper over Defendants and, if so, ascertain appropriate damages.  *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

**II.**

Plaintiffs satisfy every requirement necessary for a default judgment. First, the Court possesses jurisdiction to hear this case; second, there are plausible grounds for relief; and third, Plaintiffs have proven damages.  *See Gen Conf. Corp. of Seventh-Day Adventists*, 617 F.3d at 407; *Flynn*, 440 F. App'x at 455; *Citizens Bank*, 376 F. App'x at 501.

**A. Jurisdiction**

As with all cases, subject matter and personal jurisdiction are threshold requirements. There is diversity jurisdiction here, as Plaintiffs and the deceased individuals they represent are citizens of Michigan and Ohio, Defendants are not citizens of Michigan or Ohio,[1] and the amount in controversy exceeds $75,000.  Doc. No. 1 at PageID 3-6, 20.  Therefore, the Court has subject matter jurisdiction over this case.

---

[1] BLF, Rocubert, and Papi Briche are citizens of Florida (Doc. No. 1 at PageID 5-6); C.H. Robinson Worldwide, Inc. is a citizen of Minnesota and Delaware (Doc. No. 39 at PageID 215); Walmart, Inc. is a citizen of Delaware and Arkansas (Doc. No. 33 at PageID 200); and Unique Freight Carriers, Inc. is a citizen of Illinois (Doc. No. 35 at PageID 205).

3

The Court can also exercise personal jurisdiction over Defendants. In the instant case, Defendants transacted business within Ohio—specifically, Shelby County, Ohio, where the automobile collision occurred—so they purposefully availed themselves of the opportunity to conduct business within Ohio. Doc. No. 1 at PageID 6; *see Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). Plaintiffs' injury—the death of their family members—arises from Defendants' contacts with Ohio, so the Court can exercise personal jurisdiction. Doc. No. 1 at PageID 6; *see Brunner*, 441 F.3d at 463.

### B. Liability

Once default has been entered, the factual allegations in the complaint, except those related to damages, are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because the defendant produced no timely responsive pleading).

Plaintiffs assert multiple claims against Defendants BLF, Rocubert, and Papi Briche. Doc. No. 1. First, Plaintiffs claim that Rocubert's negligence resulted in the wrongful death of decedents. *Id.* at PageID 7. To allege a wrongful death claim based on a theory of negligence in Ohio, Plaintiffs must show: (1) a duty to the decedents; (2) a breach of that duty; and (3) proximate causation between the breach and the deaths. *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 529 N.E.2d 499, 454 (Ohio 1988). Plaintiffs sufficiently allege a plausible wrongful death claim by asserting: (1) Rocubert had a duty to drive his tractor-trailer safely; (2) Rocubert breached that duty by driving under the influence of drugs; and (3) Rocubert's negligence proximately caused the death of decedents. Doc. No. 1 at PageID 7-8.

Second, Plaintiffs assert both BLF and Papi Briche acted negligently in, among other things, hiring and supervising Rocubert. *Id.* at PageID 9-10, 12-13. To establish a negligent hiring claim, Plaintiffs must allege: (1) an employment relationship; (2) the employee's incompetence;

4

(3) the employer's knowledge of such incompetence; (4) the employer's act or omission causing Plaintiffs' injuries; and (5) proximate causation between the employer's negligence and Plaintiff's injuries. *Peterson v. Buckeye Steel Casings*, 729 N.E.2d 813, 823 (Ohio Ct. App. 1999). Plaintiffs sufficiently allege plausible negligent hiring claims against BLF and Papi Briche by asserting: (1) Rocubert was an employee of both BLF and Papi Briche; (2) Rocubert was incompetent; (3) BLF and Papi Briche constructively knew Rocubert was incompetent because it did not enforce the proper rules and safeguards; (4) BLF and Papi Briche did not exercise reasonable care in hiring and supervising Rocubert; and (5) the negligence of BLF and Papi Briche proximately caused decedents' deaths. Doc. No. 1 at PageID 9-10, 12-13.

Third, Plaintiffs also claim both BLF and Papi Briche are vicariously liable for Rocubert's negligent acts. *Id.* at PageID 8-9, 12. Plaintiffs plausibly allege vicarious liability by asserting that Rocubert was an employee or agent of BLF and Papi Briche, and he was acting within the scope of his employment when he negligently caused the collision. *Id.*; *see Comer v. Risko*, 833 N.E.2d 712, 716 (Ohio 2005).

Fourth, Plaintiffs assert a survival action against all Defendants. Doc. No. 1 at PageID 18-20. Under Ohio law, wrongful death claims and survival actions often arise out of the same incident but are separate causes of action. *Peters v. Columbus Steel Castings Co.*, 873 N.E.2d 1258, 1260 (Ohio 2007). A survival action, however, is predicated on the injuries, pain, and other damages a decedent suffered from a defendant's actions during his or her lifetime. *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984). Plaintiffs sufficiently assert a plausible claim that the negligence of Rocubert, BLF, and Papi Briche caused decedents to suffer pain or other injuries prior to their deaths. Doc. No. 1 at PageID 18-20.

Finally, Plaintiffs list "joint venture" as a separate cause of action. Doc. No. 1 at PageID 18. However, the Court questions whether this is a claim actionable under Ohio law. To the extent Plaintiffs seek relief under this theory of liability, they have an obligation to prove that this is an actionable claim under Ohio law and must address this in detail at a damages hearing.

Accordingly, Plaintiffs' wrongful death, negligent hiring, vicarious liability, and survival claims are plausible and satisfy this factor of the default judgment analysis.

### C. Damages

"[W]hile liability may be shown by well-pleaded allegations, the district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)). Under Rule 55(b)(1), a court may enter judgment by default when the claim is for a sum certain, including sums calculable "from the terms of a written document such as a contract or promissory note." *Dailey v. R & J Comm'l Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (citing Fed. R. Civ. P. 55(b)(2)). A court may do so without a hearing if damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)); *see also Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991) (noting that under Rule 55(b)(1), a district court is "required to enter a default judgment" in the amount computable to a sum certain).

Here, Plaintiffs have suffered damages because four individuals and an unborn baby were killed in the automobile collision. However, Plaintiffs have not requested a particular amount of damages in their motion for default judgment, so there is no sum certain for the Court to enter.

6

*See* Doc. No. 29. Accordingly, the Court will hold a hearing to determine damages on August 14, 2024.

### III.

Having reviewed the pleadings and evidence in this case, and being fully satisfied therewith, the Court finds that the prerequisites for a declaratory judgment have been met. Plaintiffs' motion for a default judgment (Doc. No. 29) is therefore **GRANTED**. The Court **SETS** a damages hearing on **August 14, 2024 at 10:00 A.M.** Plaintiffs shall then address, by testimony or documentary evidence, the damages issue and the validity, under Ohio law, of their joint venture claim. The Court anticipates issuing a damages finding following the hearing.

**IT IS SO ORDERED.**

April 19, 2024                                  s/Michael J. Newman
                                                                   Hon. Michael J. Newman
                                                                   United States District Judge