IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARY JOAN BOEHNE, *et al.*, | : | Case No. 3:23-cv-00158 |
| | : | |
| Plaintiffs, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| C.H. ROBINSON WORLDWIDE, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

This wrongful death action arises from a vehicular accident that occurred on December 24, 2022. (Complaint, Doc. No. 1.) Plaintiffs are relatives of the deceased individuals and representatives of their estates. (*Id.*) They filed this lawsuit on June 12, 2023, alleging that Defendant Dayren Rocubert was the driver of a tractor-trailer involved in the fatal crash. (*Id.*) This matter comes before the Court for a ruling on Plaintiffs' Motion to Compel Defendant Dayren Rocubert to Answer Deposition Questions ("Motion to Compel," Doc. No. 48).

**I.      BACKGROUND**

Plaintiffs deposed Defendant Rocubert on December 21, 2023. (Motion to Compel, Doc. No. 48, PageID 261.) During that deposition, Defendant Rocubert invoked his Fifth Amendment privilege against self-incrimination and refused to answer questions more than fifty times. (*Id.*) Plaintiffs contend that "the vast majority of the questions [that

Defendant Rocubert refused to answer] were not related to the circumstances of the crash itself, his alleged drug use, or his criminal case.[1]" (*Id.*) Accordingly, they seek an order compelling Defendant Rocubert to submit to a second deposition and require him to respond to all non-incriminating questions. (*Id.* at PageID 266.)

Because he is not represented by counsel in this matter, and out of an abundance of caution, the Court notified Defendant Rocubert of Plaintiffs' Motion to Compel, the nature of the relief sought by that Motion, and the potential consequences of his failure to respond.[2] (Notice to Defendant, Doc. No. 49, PageID 344-45.) Nevertheless, Defendant Rocubert did not file a response in opposition to Plaintiffs' Motion.

## II. LAW AND ANALYSIS

"Ordinarily, an unopposed motion to compel w[ill] be granted." *Kendle v. Whig Enters.*, No. 2:15-CV-01295, 2016 WL 898569, at *4 (S.D. Ohio March 9, 2016) (McCann King, M.J.); *see also* S.D. Ohio Civ. R. 7.2(a)(2) ("Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees."). In the present circumstances, however, because Defendant Rocubert asserts a constitutional privilege, and because the resolution of Plaintiffs' Motion to Compel may have a significant impact

---

[1] Defendant Rocubert is currently under indictment in the Shelby County Court of Common Pleas on five counts of aggravated vehicular homicide arising from the same crash. (Plaintiffs' Exhibit C, Doc. No. 48-3.) By a scheduling order filed on June 10, 2024, the trial is scheduled to begin on October 22, 2024. Scheduling Order, Shelby County Court of Common Pleas Case No. 23CR33, docket and court records available by searching for Dayren Rocubert at https://search.shelbyco.net/eservices/home.page.6.

[2] However, the Court notes that the transcript of the 2023 deposition indicates that Defendant Rocubert has limited English proficiency. (Plaintiffs' Exhibit A, Doc. No. 48-1.) It is therefore unclear whether and to what extent Defendant Rocubert was able to understand the Court's notice.

on Defendant Rocubert's pending criminal case, the Court will consider the merits of his Fifth Amendment objections.

The Fifth Amendment to the Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." This privilege against self-incrimination "not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal . . . where the answers might incriminate him in future criminal proceedings." *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). Courts are therefore "preclud[ed] . . . from compelling testimony in a civil deposition over a valid assertion of the Fifth Amendment privilege, absent a specific assurance of [criminal] immunity for such testimony." *Pillsbury Co. v. Conboy*, 459 U.S. 248, 264 n. 24 (1983).

The Fifth Amendment is validly invoked only when the risk of incrimination is "substantial and real, and not merely trifling or imaginary." *Marchetti v. United States*, 390 U.S. 39, 53 (1968) (internal punctuation omitted). The privilege cannot be invoked "where response to the specific question in issue . . . would not further incriminate." *Rogers v. United States*, 340 U.S. 367, 373 (1951).

In this case, the Court has reviewed the transcript of the 2023 deposition. As Plaintiffs note, Defendant Rocubert responded "I plead the Fifth" to approximately fifty questions. (Exhibit A, Doc. No. 48-1.) Many of these questions are innocuous and do not

appear to call for incriminating testimony.[3] Other questions might, however, call for answers that would potentially incriminate Defendant Rocubert for offenses related to the December 24th accident.[4] Still other questions might, under some circumstances, call for answers that would incriminate Defendant Rocubert for offenses unrelated to the December 24th accident.[5] Moreover, counsel for Plaintiffs (*id*. at PageID 308), as well as counsel for Defendants Walmart (*id*. at PageID 322), Unique Freight (*id*. at PageID 322-23), and C.H. Robinson (*id*. at PageID 327), each indicated that, at a second deposition, they would ask Defendant Rocubert additional questions that they had not yet asked.

Under these circumstances, and particularly in light of Defendant Rocubert's *pro se* status and evident lack of familiarity with the American legal system (*see, e.g.*, Doc. No. 48-1, PageID 276), the Court is not prepared to grant Plaintiff's request for an order broadly requiring Defendant "to answer the questions described above, and any other questions relating to the logistics of the load, the involvement of the various defendants, and their relationships with each other or prior employers of Mr. Rocubert." (Doc. No. 48, PageID 266.) Such an expansive order would run contrary to the principle that "the Self-Incrimination Clause must be accorded liberal construction in favor of the right it was intended to secure." *Quinn v. United States*, 349 U.S. 155, 162 (1955).

---

[3] *E.g.,* "Did you know that this civil lawsuit was filed against you?" (*id*. at PageID 305); "Would you agree that what happened on Christmas Eve, whoever's fault it was, was a tragedy?" (*id*. at PageID 306-07).

[4] *E.g.*, "Did you have a cell phone in your truck at the time of the crash?" (Doc. No. 48-1, PageID 300); "Are you aware of any insurance that was in place for your truck at the time of the crash or any insurance that may apply in this crash?" (Doc. No. 48-1, PageID 304).

[5] *E.g.*, "When you told your girlfriend you had urine in the truck, was that someone else's urine so that you would test clean[,] or was that your urine . . . ?" (Doc. No. 48-1, PageID 303).

Moreover, because the Court has now entered default judgment against Defendant Rocubert (Doc. No. 56), the permissible scope of any future deposition will be limited. Defendant Rocubert may be deposed as to the amount of damages incurred by Plaintiffs. Fed. R. Civ. P. 69(a)(2). He may also be deposed, in the same manner as a non-party witness, with respect to the liabilities of Defendants Walmart, Unique Freight, and C.H. Robinson. However, he may not be deposed with respect to his own liability or the liabilities of other defaulting Defendants (*i.e.*, Papi Briche and BLF Truck Transportation). *See, e.g.*, *SEC v. Wang & Lee*, No. 88 Civ. 4461, 1989 U.S. Dist. LEXIS 15346 (S.D.N.Y. June 22, 1989) ("Although Lee is entitled to discovery in connection with the post-default damages inquiry, he is not entitled to depose Wang, because any evidence from Wang would . . . relate [only] to liability issues already effectively established by the default.").

Therefore, the Court will grant Plaintiffs' Motion to Compel to the extent that Plaintiffs seek leave to re-depose Defendant Rocubert. However, the Court will not order Defendant Rocubert to answer any specific questions at this time. Instead, the Court will order that any further deposition of Defendant Rocubert take place in Courtroom 3 of the Walter H. Rice United States Courthouse in Dayton, Ohio, and that such deposition be scheduled ***after*** the conclusion of Defendant Rocubert's criminal trial scheduled for October 22, 2024 in the Shelby County Court of Common Pleas. *See* Fed. R. Civ. P. 30(d)(3)(B) (court may limit "scope and manner" of deposition); *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 485 (6th Cir. 2007) ("The District Court has broad discretion

5

in regulating discovery[.]"). During the deposition, the undersigned will be available to rule upon Defendant's invocation of the Fifth Amendment privilege if and when it arises.

### III. CONCLUSION

In sum for the reasons stated, Plaintiff's Motion to Compel (Doc. No. 48) is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** as follows:

1. To the extent that Plaintiffs seek an order compelling Defendant Rocubert to submit to a second deposition, Plaintiff's Motion to Compel (Doc. No. 48) is **GRANTED**. Counsel shall conduct that deposition from the undersigned's courtroom at the Walter H. Rice Federal Courthouse. Counsel for Plaintiffs shall coordinate with counsel for Walmart, Unique Freight, and C.H. Robinson, as well as with the undersigned's chambers staff, to determine a mutually agreeable date and time for the deposition. Such deposition shall occur *after* the conclusion of Defendant Rocubert's criminal trial scheduled to begin on October 22, 2024. Because Defendant Rocubert is incarcerated, counsel for Plaintiffs shall further coordinate with the relevant state or local officials to secure Defendant's Rocubert's attendance via teleconference. *See* Fed. R. Civ. P. 30(b)(4). Alternatively, Plaintiffs may file a properly supported petition for a writ of *habeas corpus ad testificandum*. *See Shaffner v. Smith*, No. 84-5251, 1986 U.S. App. LEXIS 18461, at *7-8 (6th Cir. July 16, 1986).

2. To the extent that Plaintiffs seek an order compelling Defendant Rocubert to respond to specific deposition questions notwithstanding his assertion of his Fifth Amendment privilege against self-incrimination, Plaintiffs' Motion to Compel

(Doc. No. 48) is **DENIED**. At any future deposition of Defendant Rocubert, the undersigned shall rule upon Defendant's invocation of the Fifth Amendment privilege if and when it arises.

**IT IS SO ORDERED.**

                                          */s/ Caroline H. Gentry*
                                          Caroline H. Gentry
                                          United States Magistrate Judge