**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION**

| | |
|---|---|
| MARY JOAN BOEHNE, etc., et al., | Case No.: 3:23-cv-00158-MJN-CHG |
| Plaintiffs, | |
| v. | Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| C.H. ROBINSON WORLDWIDE, INC., et al., | **C.H. ROBINSON'S RESPONSE TO<br>PLAINTIFFS' MOTION TO COMPEL** |
| Defendants. | |

Plaintiffs' sued C.H. Robinson, which brokered the transportation of a load that had been delivered hours before the subject occurrence and nearly one hundred miles away from the scene of loss. Plaintiffs insist that C.H. Robinson provide documentation concerning the motor carrier and driver that delivered the load despite C.H. Robinson having no contractual or business relationship with the motor carrier or driver that actually delivered the load.

C.H. Robinson has sufficiently responded and objected to Plaintiffs' redundant discovery requests. Therefore C.H. Robinson requests that this Court deny Plaintiffs' motion to compel and for other appropriate relief.

Respectfully submitted,

/s/ Michael C. Habic
Geoffrey A. Belzer (#60071899)
Michael C. Habic (Admitted PHV)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 706.3004
michael.habic@wilsonelser.com
*Attorneys for Defendant C.H. Robinson
Worldwide, Inc.*

## MEMORANDUM IN SUPPORT

I.     **Relevant Facts**

    A.     **Relevant Background of Case**

Plaintiffs allege an unfortunate motor vehicle collision resulting in the death of four individuals and an unborn baby. They now sue C.H. Robinson alleging it is "responsible for negligently putting [Rocubert's] truck in transit". [ECF #66, p. 2]. This assertion is far from the truth.

C.H. Robinson at all times relevant is a broker of goods for transit that arranges property transportation by motor carriers for its customers. BLF entered into a contract for motor carrier services with C.H. Robinson to act as sole carrier for transportation of goods. Subsequently BLF was hired to transport goods from Miami, Florida to a WalMart in Washington Courthouse, Ohio per a bill of lading issued to BLF. The carrier contract prohibited BLF from double-brokering or subcontracting delivery of the load.

The police report states that Rocubert was driving without operating authority as the truck's registration had no DOT number assigned to it, and that Rocubert already delivered the load to WalMart under the company name Unique Freight. The tractor-trailer Rocubert operated at the time of loss had Unique Freight logos and signage on the sides. Rocubert admitted that he owned the tractor he was operating at his deposition. And Plaintiffs allege that Rocubert had been hired by Papi Briche, LLC at the time of occurrence to transport loads with its trailer. [ECF #1, p. 8].

A trailer control record C.H. Robinson produced in discovery shows that the delivery from Miami, Florida arrived at the WalMart in Washington Court, Ohio on December 24, 2022 and the trailer was unloaded at 5:44 a.m. The delivery pursuant to the bill of lading, and therefore C.H. Robinson's obligations under its carrier contract, was complete once the trailer was unloaded.

According to the police report, the subject occurrence took place later that morning between 8:30 a.m.–8:32 a.m. north of Dayton on Interstate 75 about one hundred miles away from Washington Court after delivery of the subject load.

The thrust of Plaintiffs' motion to compel is to seek information regarding the corporate relationships between C.H. Robinson and defendants, what C.H. Robinson knew or should have known about Rocubert, Papi Briche, and Unique Freight, and information regarding where Rocubert was heading at the time of the occurrence.  [ECF #66 p. 2].[1]  C.H. Robinson has previously provided its entire breadth of knowledge on these issues with Plaintiffs' counsel via its initial disclosures and first, second, and third sets of requests to produce and interrogatories and various conversations throughout the extent of litigation.  [ECF #66, Ex. A, B, H, I].

Previously answered discovery and documents produced show at no time whatsoever that C.H. Robinson contracted with Unique Freight or Papi Briche, nor had C.H. Robinson ever hired Rocubert. The reality of the situation is C.H. Robinson has no prior business dealings with Rocubert, Papi Briche, or Unique Freight, and so does not have documentation responsive to Plaintiffs' requests. On the other hand, relevant information concerning BLF has been disclosed.

Keeping in mind this version of facts, C.H. Robinson's responses to Plaintiffs' prior requests for production, requests for admission, and interrogatories have been adequate in providing relevant information Plaintiffs seek in order to prosecute their claim.

**B.      Relevant Procedure**

C.H. Robinson submitted its initial disclosures to Plaintiff on January 19, 2024, disclosing among other things a primary liability policy of $5 million and that it had "additional layers of

---

[1] Counsel for Plaintiff asserts he has litigated several cases against C.H. Robinson around the country and states he is actively litigating more than one cases against C.H. Robinson currently, and no doubt has familiarity with C.H. Robinson's standards, practice, and operations even before the events giving rise to this occurrence.

excess insurance that would be sufficient to cover any claimed damages." C.H. Robinson initially disclosed the applicable carrier contract, bills of lading, and proof of pick-up and delivery of the subject load, as well as police investigation reports.

Plaintiffs issued on December 8, 2023 its first set of requests to produce to C.H. Robinson comprising of fifty-eight requests and its first set of interrogatories totaling twenty-nine interrogatories. Those requests sought among other things C.H. Robinson's Navisphere data.[2] C.H. Robinson answered and responded to that first set on January 30, 2024, and produced additional information concerning the load and its supplier agreement with WalMart. [ECF #66, Ex. B]. In its answers C.H. Robinson verified the following information:

- C.H. Robinson did not operate, possess, or have any ownership interest in any vehicle involved in the occurrence;

- C.H. Robinson never hired Dayren Rocubert as its employee, agent, or representative;

- C.H. Robinson never contracted with or entered into any agreements with Unique Freight or Papi Briche.

From January 2024 to June 2024 Plaintiffs did not reach out one time for discovery dispute resolution with C.H. Robinson regarding the initial disclosures, insurance information, or answers and responses to the first set of discovery requests. Plaintiffs have not indicated any reason why they were unable to have reached out to discuss their dispute earlier which they only recently have initiated with C.H. Robinson.

---

[2] Specifically requests 12 through 23 are all-inclusive requests seeking Navisphere information concerning all Defendants and entities with no bearing on this matter at all. Plaintiffs second and third sets of requests to produce is essentially a second, more extrapolated attempt at obtaining what was previously sought for in the first set and to which C.H. Robinson objected to the disclosure of.

Instead of meeting and conferring, Plaintiffs issued their second set of requests to produce to C.H. Robinson on June 19, 2024, followed by a third set on July 25, 2024, seeking an additional one-hundred twelve requests to produce total.

The second set issued June 19, 2024 was, for all intents and purposes, already responded to when C.H. Robinson responded to the first set. That is because twenty-eight of the fifty-eight requests in the second set are copied and pasted verbatim from the first set. In other words, Plaintiffs re-requested nearly 45% of their requests from the first set, again, to C.H. Robinson in its second set. A majority of the remaining, non-verbatim requests sought C.H. Robinson's Navisphere information, which was already sought in the first set and objected to.

The third set issued July 25, 2024 states fifty requests to produce various items pertaining to Unique Freight, Papi Briche, LLC, and Rocubert. Because C.H. Robinson never hired Rocubert as an employee, agent, or representative, and because C.H. Robinson never contracted with or entered into any agreement with Unique Freight or Papi Briche, LLC, C.H. Robinson has no documents responsive to these requests.

It must be noted that a substantial amount of the requests in the third set were essentially verbatim requests from the first set, but Plaintiffs instead substituted the phrase "Defendants" with the specific names of parties, or otherwise added additional defendant names to slightly alter the additional request, as examples. Those requests merely narrowed the scope of the request from all defendants to certain named defendants thereby meriting essentially the same, or exactly the same, responses from C.H. Robinson.

Despite the answers and responses provided in January 2024, C.H. Robinson argues Plaintiffs issued the second and third sets of requests to produce in a meager attempt to ask the same question twice and hope they would get a different answer.

Instead of raising this discovery dispute earlier when Plaintiffs already knew C.H. Robinson was objecting to disclosure of certain information, particularly Navisphere information, Plaintiffs caused C.H. Robinson to perform redundant work for no real purpose or objective and now turns to the Court for relief.

## II.     Law and Argument

Federal Rule 34 governs the production of documents. Unlike Federal Rule 33, which governs interrogatories, Rule 34 does not explicitly state that objections are waived if not timely responded to.  Fed. R. Civ. P. 33(b)(4), *cf. with* Fed. R. Civ. P. 33(b)(4).

Notwithstanding, C.H. Robinson already properly objected to these redundant second and third sets of requests to produce when it objected to the nearly identical, or exactly identical, responses from the first set in January 2024. Plaintiffs attempt at arguing waiver is futile given C.H. Robinson previously objected to the information Plaintiffs sought in January 2024 and which Plaintiffs simply re-asserted against C.H. Robinson in summer 2024.

C.H. Robinson is not required to produce any documents where its answers to interrogatories adequately provide the information sought.  *Rockaway Pic Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc.* 1964 U.S. Dist. LEXIS 9026 (E.D. New York 1964). Hence the multitude of requests for information regarding the hiring, vetting, qualifying, background checking, retention, screening, training, or contracting process with motor carriers have already been adequately answered for in C.H. Robinson's answers to the first set of discovery and again in the second and third sets. Regardless, no such evidence exists for Rocubert, Papi Briche, or Unique Freight.

Documents can only be produced if they are in existence.  *United States v. Schine Chain Theatres, Inc.*, 1946 U.S. Dist. LEXIS 1742 (1946).  Rule 34 does not require a party to prepare

or cause to be prepared a document previously not in existence solely for the purposes of producing a document to respond to discovery. *Alexander v. FBI*, 2000 U.S. Dist. LEXIS 8867 (D.D.C. 2000).

C.H. Robinson has no information relating to Rocubert, Unique Freight, or Papi Briche, LLC. Despite C.H. Robinson informing Plaintiffs of this previously, Plaintiffs instead issued over a hundred additional requests to again request the same information C.H. Robinson already stated they did not possess. Plaintiffs now bring this motion to compel for information that never was in existence.

Plaintiffs' motion to compel states that it requires information kept on Navisphere, a proprietary system developed by C.H. Robinson. Specifically, Plaintiffs clarify "[t]hese document requests largely sought screenshots of information in C.H. Robinson's Navisphere system." [ECF #66, p. 3]. C.H. Robinson objected to the dozens of requests for "screenshots" of certain information contained on Navisphere throughout all three sets of requests to produce.

This request is in contravention of Rule 34 which does not require C.H. Robinson to create documents not in existence. C.H. Robinson is not required under Rule 34 to produce screenshots nor are they obligated to create said screenshots which were not previously in existence. "Until existence of documents asked for is established so that documents can be identified and their materiality established, there can be no order to produce them under [Rule 34]." *Condry v. Buckeye S.S. Co.*, 1945 U.S. Dist. LEXIS 1372 (D. Pa. 1945).

Plaintiffs proclaim that "C.H. Robinson, through Navisphere, maintains computer records" and contains "countless documents" regarding carriers, customers, and loads. [ECF #66, p. 3]. A review of Plaintiffs list in their motion to compel identifies what they believe Navisphere can provide. [ECF #66, p. 3-4].

Those records have been provided to Plaintiffs and they have possessed those relevant sought-after records for months now. The documents produced are a product of what could be obtained from Navisphere in shareable formats such as PDF and Excel. Plaintiffs possess data showing C.H. Robinson brokered loads that BLF transported before the occurrence, load notes concerning the subject load that C.H. Robinson brokered and was delivered hours before the occurrence, and all applicable contracts and agreements, bills of lading, pick-up notes, and delivery notes concerning the subject load.

Plaintiffs expect that C.H. Robinson has the entire list of information they seek merely because their counsel previously "has litigated several cases against C.H. Robinson around the country." However, one case can drastically vary from another case even when the same named defendant is involved due to the presiding judge, venue, facts of loss, damages, and many other factors. In this particular case, C.H. Robinson simply has no contractual ties or relationships with Unique Freight, Papi Briche, and Rocubert, and so has no documentary nor Navisphere information to provide regarding those entities and Rocubert. Data and documents concerning BLF has been produced.

For these reasons, Plaintiffs have failed to show that they are entitled to discovery as they have failed to show that the documents they seek are relevant, proportionate to the needs of the case, and actually exist. The mere fact that Plaintiffs feel entitled to Navisphere information in this case solely because their counsel had success in other cases is not a proper standard to rule in their favor.

Plaintiffs also demand to obtain the entire insurance tower issued to C.H. Robinson providing coverage for the loss. Not only are Plaintiffs aware of the entire insurance tower providing coverage to C.H. Robinson given prior dealings with their counsel, but Plaintiffs ignore

that C.H. Robinson stated that it does have adequate insurance in order to cover the loss understanding the damages Plaintiffs allege are at stake.

## III.     Conclusion

C.H. Robinson has provided documents that it possesses regarding what little information it has concerning an occurrence taking place with a driver, tractor-trailer, and motor carrier that C.H. Robinson never had any prior dealings or involvement with.

Plaintiffs' sought after discovery must be proportionate to the needs of the case, and here C.H. Robinson has provided the information it has while on the other hand any disclosure of Navisphere information has no consequence on this action.

WHEREFORE Defendant, C.H. Robinson, respectfully ask that this Court deny Plaintiffs' motion in its entirety and for any other relief just and appropriate in the premises.

Respectfully submitted,

/s/ Michael C. Habic
Geoffrey A. Belzer (#60071899)
Michael C. Habic (Admitted PHV)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 706.3004
michael.habic@wilsonelser.com
Attorneys for Defendant C.H. Robinson
Worldwide, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 16, 2024, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System such that the foregoing received a copy of the attached document through the ECF System:

Michael Jay Leizerman (michael@truckaccidents.com)
Andrew R. Young (andy@truckaccidents.com)
Joshua M. Leizerman (joshua@truckaccidents.com)
Rena M. Leizerman (rena@truckaccidents.com)
The Law Firm for Truck Safety, LLP
3232 Executive Parkway, Suite 106
Toledo, Ohio 43606
Attorneys for Plaintiffs

Kaitlyn O. Hawkins-Yokley (khawkinsyokley@fbtlaw.com)
Kevin Charles Schiferl (kschiferl@fbtlaw.com)
Stephanie Virginia McGowan (smcgowan@fbtlaw.com)
Frost Brown Todd LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Attorneys for Defendant Walmart, Inc.

Vincent E. Cononico (vecononico@mdwcg.com)
Marshall Dennehey Warner Coleman & Googin
127 Public Square, Ste. 3510
Cleveland, OH 44114
Attorney for Defendant Unique Freight Carriers

*/s/ Michael C. Habic*