**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

| | |
|---|---|
| MARY JOAN BOEHNE, etc., et al., | Case No.: 3:23-cv-00158-MJN-CHG |
| Plaintiffs, | Judge Michael J. Newman |
| | Magistrate Judge Caroline H. Gentry |
| v. | |
| | **C.H. ROBINSON'S RESPONSE TO** |
| C.H. ROBINSON WORLDWIDE, INC., et al., | **PLAINTIFFS' SECOND SUPPLEMENT** |
| | **IN SUPPORT OF MOTION TO COMPEL** |
| Defendants. | |

Plaintiffs' Second Supplement in Support of its Motion to Compel is full of fire and brimstone, accusing Defendant, C.H. Robinson Worldwide, Inc. ("C.H. Robinson") of bad faith in its responses to Plaintiffs' discovery requests.  However, very little of what Plaintiffs' assert should be seen as relevant to this Court's review of this matter.

Instead, what should be relevant are the following facts:

1. **Plaintiffs' tragic loss cannot overcome the legal reality that C.H. Robinson cannot be liable to them.**

In *Marga Green v. Amazon Logistics, Inc.*, Delaware County (OH), Common Pleas Case No. 24-CV-01-0045, the same law-firm which represents Plaintiffs in this matter, filed a civil action against Amazon Logistics, Inc. ("Amazon"), which is strikingly similar to this matter.

Both cases involved tragic fatalities.  See Exhibit 1, Amended. Complaint in *Marga Green Marga Green v. Amazon Logistics, Inc.*, Delaware County (OH), Common Pleas Case No. 24-CV-01-0045.

Both cases involved claims arising after a motor vehicle carrier dropped off a load of cargo on behalf of a third-party.  See Exhibit 1.

1

Both cases involved a collision by that motor carrier following its performance of its delivery, based upon allegations that the motor carrier was still in the scope of its performance for a third-party.  See Exhibit 1.

Both cases involved double-brokering where the contracting party had no knowledge that the party involved in the occurrence giving rise to suit had delivered freight that was contracted for delivery by another motor carrier.  See Exhibit 1.

Both cases involved claims against what can only be seen as "collectible parties" who did not employ the driver of the vehicle involved in the tragic events giving rise to suit and had only a contractual relationship with another entity connected with the events giving rise to suit. See Exhibit 1.

Both cases arose from a Complaint slinging invective at the "collectible party" regarding their transportation practices and the alleged use of unfit motor carriers.  See Exhibit 1.

In *Marga Green v. Amazon Logistics, Inc.*, Delaware County (OH), Common Pleas Case No. 24-CV-01-0045, Amazon filed a Motion for Judgment on the Pleadings, asserting that, on the basis of the facts alleged in the Complaint Amazon could not be liable to plaintiff Ms. Green based on the federal preemption of such claims under the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").   See Exhibit 2, Order of February 27, 2025 in *Marga Green v. Amazon Logistics, Inc.*, Delaware County (OH), Common Pleas Case No. 24-CV-01-0045.

On February 27, 2025, the Court of Common Pleas for Delaware County, OH granted Amazon's Motion for Judgment on the Pleadings, relying upon the plethora of authority holding that the type of claims Plaintiffs have presented to this Court are wholly preempted by law.  See Exhibit 2.

As noted in the ruling:

2

Courts have interpreted the preemption provision and held that the FAAAA preempts common-law tort claims against brokers and shippers. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281-84 (2014).  This includes claims for negligence arising out of a collision with a commercial tractor or truck transporting cargo.  See e.g. *Cox v. Total Quality Logistics, Inc.*, 2024 WL 2962783, *6 (S.D. Ohio) (negligent hiring and supervision claims arising out of fatal truck collision were preempted); *Lee v. Werner Enters., Inc.*, 2002 WL 16695207, *4 (N.D. Ohio) (negligence, negligent-hiring, and loss-of-consortium tort claims against brokers and shippers arising out of a truck collision were preempted; *Creagan* at 813-14 (negligent hiring claims against shipper and broker arising out of a truck collision were preempted). *Id.* at p. 4-5.

Given the case-law preceding *Green*, it is not surprising that Plaintiffs wish to talk about discovery issues and paint dark pictures about C.H. Robinson for this Court.  By doing so, Plaintiffs seek to take the Court's focus off of what matters: this is a wholly unsupported claim as a matter of law.

**2.  C.H. Robinson is cooperating in discovery while Plaintiffs merely wish to engage in fiery rhetoric.**

On February 3, 2025, the undersigned, as C.H. Robinson's counsel of record, stated the following to Plaintiffs' counsel:

> During the course of preparing a Reply Brief to *Plaintiff's Supplement in Support of Motion to Compel* (and specifically to investigate what the Brief reported regarding your discussions with Hoss Hernandez, counsel for BLF Truck Transportation, Inc. "BLF"), we asked C.H. Robinson to conduct a search of its records to determine if it had any record of a load that was to be picked up at or near Bryant, Indiana on December 24, 2022.  This was a request for a new search, different than prior searches undertaken by C.H. Robinson to attempt to identify all loads contracted with BLF for, both before (and after) the events giving rise to suit.

> C.H. Robinson informed us on February 3, 2025 that, it had, in fact, located a record identifying load #421253680 which BLF was originally scheduled to move from Bryant, IN to Auburn, IN, but subsequently cancelled.  C.H. Robinson's notes further indicate that that HERNNICO of C.H. Robinson canceled the load in C.H. Robinson's system on December 24, 2022 at 13:43 Central Time.  C.H. Robinson's system further provides "Carrier Name; blf truck transportation carrier cancelled load.  Rep will Follow Up.  Callers Name/Number (305) 463-7288."

> C.H. Robinson subsequently contracted with East K Express, LLC to deliver the load and the load was delivered on December 27, 2022.  Attached please find the *Contract Addendum and Carrier Load Confirmation* between C.H. Robinson and BLF and the same document for East K Express, LLC.  C.H. Robinson is looking for any/all other information

regarding this load and we will provide any additional information C.H. Robinson locates. See Exhibit 3.

On February 10, 2025, C.H. Robinson provided a similar notification to this Court and indicted it would provide additional information to Plaintiffs.  See Doc. No. 79.

While it is correct that C.H. Robinson did not provide additional documentation to Plaintiffs prior to the filing of Plaintiffs' Second Supplement, it is also true that Plaintiffs did not reach out to C.H. Robinson to ask when the promised material would be forthcoming and that C.H. Robinson immediately provided the additional information to Plaintiff immediately after Plaintiffs' filing.  See Exhibit 4.  Plaintiffs have not informed the Court of these two relevant facts.

## <u>Conclusion</u>

C.H. Robinson has sought to act swiftly and with transparency in updating Plaintiffs with the newly discovered information upon receipt of knowledge of the same, and C.H. Robinson also wishes to be transparent with the Court involving this discovery dispute pertaining to information regarding where Rocubert was heading at the time of occurrence.  Plaintiffs have not been nearly as transparent with this Court in prosecuting a claim that is clearly disfavored by law.

WHEREFORE, C.H. Robinson Worldwide, Inc. respectfully requests that Plaintiffs' Motion to Compel be denied for the reasons stated throughout and for any and all other relief this Court deems equitable and just in the premises.

Respectfully submitted,

*/s/ Geoffrey A. Belzer*
Geoffrey A. Belzer (#60071899)
Michael C. Habic (Admitted PHV)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 706.3004
Geoffrey.belzer@wilsonelser.com
michael.habic@wilsonelser.com
*Attorneys for Defendant C.H. Robinson*
*Worldwide, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 28, 2025, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System such that the foregoing received a copy of the attached document through the ECF System:

Michael Jay Leizerman (michael@truckaccidents.com)
Andrew R. Young (andy@truckaccidents.com)
Joshua M. Leizerman (joshua@truckaccidents.com)
Rena M. Leizerman (rena@truckaccidents.com)
The Law Firm for Truck Safety, LLP
3232 Executive Parkway, Suite 106
Toledo, Ohio 43606
Attorneys for Plaintiffs

Kaitlyn O. Hawkins-Yokley (khawkinsyokley@fbtlaw.com)
Kevin Charles Schiferl (kschiferl@fbtlaw.com)
Stephanie Virginia McGowan (smcgowan@fbtlaw.com)
Frost Brown Todd LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Attorneys for Defendant Walmart, Inc.

Vincent E. Cononico (vecononico@mdwcg.com)
Marshall Dennehey Warner Coleman & Googin
127 Public Square, Ste. 3510
Cleveland, OH 44114
Attorney for Defendant Unique Freight Carriers

*/s/ Geoffrey A. Belzer*