# EXHIBIT 1

## IN THE COURT OF COMMON PLEAS
## OF DELAWARE COUNTY, OHIO

| | |
|---|---|
| **MARGA GREEN, Individually and as Surviving Spouse and Administrator of the Estate of Paul A. Green, deceased,**<br><br>Plaintiff,<br><br>v.<br><br>**AMAZON LOGISTICS, INC., D/B/A PRIME**<br>C/O United States Corporation Company, Statutory Agent<br>50 W. Broad St, Ste. 1330<br>Columbus, Ohio, 43215<br><br>**AMAZON.COM, INC.**<br>C/O Corporation Service Company, Registered Agent,<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>**AMAZON.COM SERVICES, LLC**<br>C/O Corporation Service Company, Registered Agent,<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215<br><br>**AMAZON FULFILLMENT SERVICES, INC.**<br>C/O Corporation Service Company,<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215<br><br>**AMAZON TRANSPORTATION SERVICES**<br>C/O Corporation Service Company,<br>Registered Agent | Case No.:  24 CV C 01 0045<br><br>Judge James P. Schuck<br><br>**AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

CLERK OF COURTS  -  DELAWARE COUNTY, OH  -  COMMON PLEAS COURT
24 CV C 01 0045 - SCHUCK, JAMES P.
FILED: 02/01/2024 02:14 PM

1

3366 Riverside Drive, Ste. 103
Upper Arlington, Ohio 43221

**TARMEED TRUCKING LLC**
C/O  Truck Process Agents of America
Inc.
46 Shopping Plaza #1111
Chagrin Falls, OH 44022

**SHARMA FREIGHT LLC**
c/o RVB Services LLC, 18 E. William
Street, Suite 17
Delaware, OH 43015

**ABDIAZIZ M. ABDINASIR**
3583 Cypress Club Way
Columbus, OH 43219

   Defendants.

_____/

   Plaintiff, Marga Green, Individually and as Surviving Spouse and Administrator of the Estate of Paul A. Green, deceased, through undersigned counsel, files the following Amended Complaint, pursuant to Rule 15(A) of the Ohio Rules of Civil Procedure:

<b><u>PARTIES</u></b>

1. Plaintiff Marga Green, wife of decedent Paul A. Green (or "Plaintiff"), is a domiciliary and citizen of the State of Ohio, residing in Cuyahoga County. On or about August 19, 2022, the Probate Court of Cuyahoga County of the State of Ohio formally appointed Marga Green as the Administrator of the Estate of Paul A. Green, who died testate. A copy of the Letters of Authority is attached hereto and filed herewith as **Exhibit 1**. Marga Green brings these claims on her behalf and on behalf of the

2

surviving beneficiaries of Paul Green for all damages available at law or equity for all related wrongful death and survivor claims.

2. For ease of reference, the defendants Amazon Logistics, Inc. d/b/a Prime; Amazon.com, Inc.; Amazon.com Services LLC; Amazon Fulfillment Services, Inc.; and Amazon Transportation Services may collectively be referred to as the "Amazon Defendants." When such term is used, it is intended to include all agents and principals for which are vicariously liable under respondeat superior, agency, master/servant and employee-employer relationships, as well as all joint-venture or joint-enterprise or other relations.

3. Defendant Amazon Logistics, Inc. d/b/a Prime ("Defendant Amazon Logistics, Inc.") is a Delaware Corporation with a principal office at 410 Terry Ave. North, Seattle, Washington, 98126. Defendant Amazon Logistics, Inc. is registered as a motor carrier common carrier and motor carrier contract carrier with the Department of Transportation, Federal Motor Carrier Safety Administration under USDOT # 2881058 and # MC-826094. Defendant Amazon Logistics, Inc. arranges for transport and transports cargo in interstate commerce and regularly conducts business in the State of Ohio. Defendant Amazon Logistics, Inc. has consented to jurisdiction in the State of Ohio and may be served through its appointed statutory BOC-3 agent for service of process, United States Corporation Company at 1160 Dublin Road, Suite 400, Columbus, OH 43215, as required by 49 C.F.R. § 366.

4. Independently and/or as a subsidiary of Amazon.com, Inc. and otherwise, Defendant Amazon Logistics, Inc. regularly conducts business in Ohio, including, but

3

not limited to regular truck routes, shipment routes, maintaining warehouse and fulfillment centers and movement of cargo within Ohio on public roadways using both owned and non-owned equipment including truck tractors and trailers. Defendant Amazon Logistics, Inc. hired and entered an arrangement with another party to transport interstate cargo for the trip at issue within the State of Ohio, as set forth herein.

5.     Defendant Amazon.com, Inc. is and was at all pertinent times a corporation incorporated under the laws of the State of Delaware with its principal place of business in King County, Washington. Defendant Amazon.com routinely transacts business in the State of Ohio, including maintaining distribution warehouses, delivering or causes to be delivered cargo and packages and operating trucks on Ohio roadways and interstates, acting through subsidiaries and otherwise.

6.     Defendant Amazon.com, Inc. may be served through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7.     At all material times, on information and belief, Defendant Amazon.com Services, LLC (or "Amazon.com Services") is a wholly owned subsidiary of Defendant Amazon.com, Inc. and a subsidiary, sister entity, or affiliate of Amazon Logistics. Defendant Amazon.com Services was and is a foreign limited liability company formed under the laws of the State of Delaware with its principal place of business in King County, Washington.

4

8.      Amazon.com Services is the product and goods part of the Amazon operation and relies on and advertises immediate delivery of products ordered by customers, sometimes to be delivered within hours. To meet their customer service promises and delivery deadlines, Amazon.com Services has distribution, warehouse and storage facilities throughout Ohio, on information and belief, and contracts with thousands of interstate and intrastate motor carrier trucking companies to position those goods in their distribution centers for rapid delivery and to then deliver those goods to end customers. Amazon.com Services was transacting business substantially in Ohio on the date of the crash giving rise to this Amended Complaint and is subject to the jurisdiction of this Court.

9.      Defendant Amazon.com Services may be served through its registered agent for service of process, Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

10.     At all material times, on information and belief, Defendant Amazon Fulfillment Services, Inc. (or "Amazon Fulfillment Services") is a wholly owned subsidiary of Defendant Amazon.com, Inc. and a subsidiary, sister entity, or affiliate of Amazon Logistics. Defendant Amazon Fulfillment Services was and is a foreign limited liability company formed under the laws of the State of Delaware with its principal place of business in King County, Washington.

11.     Amazon Fulfillment Services is the product and goods part of the Amazon operation and relies on and advertises immediate delivery of products ordered by customers, sometimes to be delivered within hours. To meet their customer service

5

promises and delivery deadlines, Amazon Fulfillment Services has distribution, warehouse and storage facilities throughout Ohio, on information and belief, and contracts with thousands of interstate and intrastate motor carrier trucking companies to position those goods in their distribution centers for rapid delivery and to then deliver those goods to end customers. Amazon Fulfillment Services was transacting business substantially in Ohio on the date of the crash giving rise to this Amended Complaint and is subject to the jurisdiction of this Court.

12. Defendant Amazon Fulfillment Services, Inc. may be served through its registered agent for service of process, Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

13. Defendant Amazon Transportation Services, as a subsidiary of Amazon.com, Inc. and otherwise, regularly conducts business in Ohio, including, but not limited to regular truck routes, shipment routes, maintaining warehouse and fulfillment centers and movement of cargo within Ohio on public roadways using both owned and non-owned equipment including truck tractors and trailers. Defendant Amazon Transportation Services hired and entered an arrangement to transport interstate cargo for the trip at issue within the State of Ohio, as set forth herein.

14. Defendant Amazon Transportation Services may be served through its registered agent for service of process, Corporation Service Company, 3366 Riverside Drive, Ste. Upper Arlington, Ohio 43221.

15. General jurisdiction over the Amazon Defendants is proper under Ohio's long arm statute Ohio Rev. Code Ann. § 2307.382 and constitutional minimum contacts so

that the Amazon Defendants could reasonably anticipate being haled into court because the Amazon Defendants engaged in substantial and not isolated activity in Ohio including, but not limited to: registering agents for service of process, being registered to do business in Ohio, owning or leasing property in Ohio, operating distribution and fulfillment centers in Ohio, engaging in millions of sales and deliveries to Ohio consumers, contracting with Ohio trucking companies and drivers to deliver goods in Ohio and other states, contracting for the delivery of their products in Ohio, using tractor-trailers on the interstates, highways and roadways in Ohio, by providing services to their customers using commercial transportation services in Ohio that included transporting goods in interstate and intrastate commerce; and by otherwise conducting substantial business in Ohio on a daily basis.

16. Specific personal jurisdiction over the Amazon Defendants to be subject to jurisdiction by this Court for this case is proper under the Ohio long arm statute Ohio Rev. Code Ann. § 2307.382 and other applicable law and constitutional minimum requirements, as the Amazon Defendants directly and through their agents, representatives, contractors, subsidiaries, and employees committed tortious acts within the state of Ohio, including without limitation contributing to cause the crash in question that occurred in Delaware County, Ohio, by causing injury to persons or property within Ohio arising out of acts or omissions by the Amazon Defendants including without limitation the hiring and/or retention of unfit, unqualified, unvetted, untrained, and/or dangerous drivers and trucking companies, involved in commercial transportation on Ohio roadways and interstates, by contributing to

7

cause the crash and resulting damages through breaches of duties owed to the motoring public, by improperly qualifying and failed to investigate the other named defendants which allowed them to operate commercial motor vehicles and trailers on behalf of the Amazon Defendants despite the other defendants' poor safety records, by failing to monitor the safety record and performance of the other defendants after the Amazon Defendants approved those defendants to transport cargo on behalf of the Amazon Defendants, all of which contributed to cause the crash complained of.

17. Defendant Sharma Freight LLC ("Defendant Sharma Freight") is an unauthorized (inactive) for-hire motor carrier operating (at the material times) commercial motor vehicles transporting property in interstate commerce registered with the Federal Motor Carrier Safety Administration under USDOT # 3432065 and # MC0211189. Defendant Sharma Freight is a business entity organized and existing under the laws of the State of Minnesota with its principal place of business in Burnsville, Minnesota. Defendant Sharma Freight has consented to jurisdiction in Ohio and has designated Process Agent Service Company, Inc. #, c/o RVB Services LLC, 18 E. William Street, Suite 17, Delaware, OH 43015 as its statutory BOC-3 agent for service of process, as required by 49 C.F.R. §366.

18. Defendant Tarmeed Trucking LLC ("Defendant Tarmeed Trucking") was the owner of the tractor-trailer operated by Defendant Abdinasir and is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce registered with the Federal Motor Carrier Safety Administration under USDOT #2637029 and # MC-915515. Defendant Tarmeed Trucking is a business

8

entity organized and existing under the laws of the State of Minnesota with its principal place of business in Savage, Minnesota. Defendant Tarmeed Trucking has consented to jurisdiction in Ohio and has designated Truck Process Agents of America, Inc., 46 Shopping Plaza, #1111, Chagrin Falls, OH 44022 as its statutory BOC-3 agent for service of process, as required by 49 C.F.R. §366.

19.     On information and belief, Defendant Abdiaziz M. Abdinasir, is a domiciliary and citizen of Ohio and maintains a residence at 3583 Cypress Club Way, Columbus, OH 43219. As a long-haul truck driver, he travels throughout the United States including frequently through the State of Ohio. Defendant Abdinasir entered an arrangement with Defendant Sharma Freight and Amazon Logistics, Inc. to transport cargo in interstate commerce through the State of Ohio, regularly transported cargo in interstate commerce within and through the State of Ohio and was regularly dispatched from and through Ohio.

20.     All the above defendants may collectively be referred to as "Defendants" and such term includes all their agents, employees, joint venturers, borrowed servants/agents, joint agents, and statutory employees.

### JURISDICTION and VENUE

21.     Once served, the Defendants are subject to the personal jurisdiction of this Court pursuant to Ohio's long arm statute Ohio Rev. Code Ann. § 2307.382 and other laws because they regularly transport cargo on Ohio's highways, and the Amazon Defendants, Defendant Sharma Freight and/or Defendant Tarmeed Trucking have appointed registered agents for service of process in the State of Ohio. All Defendants

9

conduct continuous and systematic trucking operations in or through the State of Ohio. The crash that gives rise to Plaintiff's claims occurred in Ohio.

22. Venue is proper in this Court pursuant to Rule 3(C) of the Ohio Rules of Civil Procedure because many of acts complained of occurred in the State of Ohio and specifically in Delaware County, where the crash occurred.

## FACTS

23. As part of the strategy to vertically integrate and dominate domestic transport, Defendant Amazon Logistics, Inc. created and continues to build and expand a logistics network to transport goods from manufacturers and retailers and warehouses to their fulfillment centers to the customers' doorsteps under the retail program known as "Fulfillment by Amazon" whereby the Amazon Defendants assume the full right to control product handling and the transport of goods sold through Amazon Prime on behalf of retailers and manufacturers of products.

24. When a retail customer orders a product, the Amazon Defendants utilize a combination of owned and branded "Prime" equipment, including trucks, truck-tractors and trailers. In addition to transporting cargo using its owned equipment, the Amazon Defendants have developed an extensive network of non-owned equipment and equipment operators through arrangements with other parties who may not be directly employed by the Amazon Defendants, after the Amazon Defendants having accepted tender of t the cargo, legally binding themselves to transport the cargo.

25. For the trip at issue, the Amazon Defendants permitted, allowed, and entrusted a driver to use and operate equipment owned or controlled by the Amazon

10

Defendants, including the Defendant Amazon Logistics, Inc.'s "Prime" trailer at issue and relied on a vast network of unfit and/or incompetent drivers and motor carriers to dispatch trucks to Amazon warehouses, distribution centers and to haul Prime trailers between those facilities, who were willing to haul cargo at cut rates.

26. As part of its strategy, the Amazon Defendants routinely enter into arrangements with other parties to deliver cargo and specifically have targeted persons with little or no transportation experience. The purpose of the Amazon Defendants targeting people with little or no experience in trucking is because those persons are more likely to perform transportation services at lower than market rates, which serves the purpose of eliminating or reducing competition in the transportation services industry. the Amazon Defendants, directly through advertising, represent to the targeted persons they can earn "$300,000 per year" hauling cargo for Amazon, which is based on misleading data and unrealistic assumptions.

27. The practical effect of this "race to the bottom" is to disincentivize competent, safe drivers and motor carriers to transport cargo at the rates the Amazon Defendants are willing to pay.

28. The Amazon Defendants use programs to ensure packages are delivered rapidly, with emphasis that packages must be delivered precisely when promised to the end customer. Often, the schedule created for delivery times is unrealistic for drivers to safely deliver the packages and increases the risk of drivers operating commercial motor vehicles while fatigued or distracted such that the drivers'

11

continued operation of commercial motor vehicles is unsafe and increases the risk of harm to the motoring public.

29. If the drivers do not meet the on-time delivery expectations, the Amazon Defendants, through their arrangements with those drivers and other carriers, retain the right to penalize the drivers for their failure to do so and closely track and monitor metrics through software applications ("apps").

30. Most notably, the Amazon Defendants require all drivers hauling cargo on their behalf to download the "Relay" app at all materials times in the transportation process. The Amazon Defendants effectively control drivers through the Relay app and specifically can penalize drivers when they refuse to accept load tenders, are late on deliveries, do not use the app regularly or the drivers deviate from the route provided by the Relay app.

31. Motor carriers and truck drivers can join the Amazon network by applying to "partner with Amazon" to haul cargo. All that is needed is equipment, insurance, motor carrier authority and not to have an "unsatisfactory" rating from the Federal Motor Carrier Safety Administration.

32. On information and belief, most drivers and/or motor carriers that "partner with Amazon" are newly formed trucking companies and are "unrated" with the Federal Motor Carrier Safety Administration. An "unrated" motor carrier is a motor carrier that has not yet undergone a compliance review with the Federal Motor Carrier Safety Administration. The application process to obtain motor carrier authority with the Federal Motor Carrier Safety Administration only requires the

12

applicant certify on Section Four (4) of Form OP-1 that he or she "has access to and is familiar with all applicable USDOT regulations relating to safe operation of commercial motor vehicles...and will comply with these regulations."

33.  At the time motor carrier authority is granted to applicants, there often has been no verification by the Federal Motor Carrier Safety Administration - or any other third party - that the motor carriers do have adequate policies and procedures in place to prevent the risks associated with unsafe and fatigued driving, among other risks. As a result, under industry custom and practice, reasonably safe entities who utilize other companies to haul cargo on their behalf independently investigate the adequacy of such policies and procedures when considering whether to hire those other companies and drivers. The Amazon Defendants have no such policy to do so.

34.  The Amazon Defendants also utilize an App called "Amazon Relay" which is a "load board" where "partners" can log in and view loads available for transit in Amazon provided trailers.

35.  The assignments on the Load Board are preset by the Amazon Defendants to include details such as the departure time and location for the trip, arrival and departure time of each stop along the way, and the required arrival time at the destination.

36.  Some cargo loads involve "drop and hook" operations, that involve connecting the truck to a preloaded Amazon trailer ("AZNG" code) at the warehouse pickup location to deliver to the destination while others involve motor carriers or drivers supplying their own trailers.

13

37.     The payment amount by the Amazon Defendants. for loads listed on their load board is not negotiable and generally is preset for each assignment.

38.     Once a motor carrier or driver books an assignment, the carrier must then assign a driver through the Amazon Relay app (or similar app) which then appears on the driver's Amazon Relay phone app or similar app.

39.     Through the Defendant Amazon Logistics, Inc.'s mobile-based Relay app for iOS and Android devices, drivers can view and manage load status, report delays, and use commercial navigation provided through the Amazon Relay app or similar app.

40.     The Amazon Defendants control the manner and means of the transportation cycle over truck drivers through the Relay App and retain the right to punish drivers by denying future loads and other monetary or other penalties and by ranking drivers through metrics including, but not limited to app usage percentage, load tender acceptance percentage, on time delivery percentage, and delivery exception percentage, all while constantly monitoring for deviation from expected routes and providing a computer based model ranking for crash or unsafe driving scores for such drivers.

### THE AMAZON DEFENDANTS' ARRANGEMENT WITH DEFENDANT SHARMA FREIGHT AND/OR TARMEED TRUCKING LLC AND DEFENDANT ABDIAZIZ M. ABDINASIR

41.     Pursuant to Amazon Defendants' custom and practice of recruiting truck drivers and/or motor carriers with little or no experience who will work for less than market rates, the Amazon Defendants recruited and entered an arrangement with

an entity called "Sharma Freight," and/or "Tarmeed Trucking," and their drivers including Abdinasir. It is believed these entities are incarnations and related to other trucking companies that frequently shut down and reopen under other names, frequently referred to as "chameleon carriers."

42. On information and belief and pending discovery, the Amazon Defendants entered an arrangement with Defendant Sharma Freight and/or Defendant Tarmeed Trucking and driver Defendant Abdinasir to haul Amazon cargo using Amazon Prime trailers on or before the date of the crash in question.

43. The Amazon Defendants accepted tender of a cargo shipment (Amazon Prime packages from an Amazon warehouse) under the motor carrier authority of Amazon Logistics, Inc. and bound themselves to transport the cargo.

44. Defendant Amazon Logistics, Inc., on information and belief, generated a "Bill of Lading" (a contract for carriage) with number " MSP1-1151KW1RV" dated February 23, 2022 listed "AZNG" which is the standard carrier alpha code (SCAC) for Amazon Logistics, Inc. and trailer number "V522242."

45. The Bill of Lading listed the shipper as "2601 4th Avenue East, Shakopee, MN 55379." The 4th Avenue East address is the location of an Amazon Fulfillment Center and the load was destined to consignee CVG9, 2305 Litton Lane, Hebron, Kentucky 41048, an Amazon Warehouse and consisted of 1803 shipping cartons of packages ("Cargo") with a weight of 3145.99 pounds.

46. Defendant Amazon Logistics, Inc., on information and belief, also generated a "Bill of Lading" (a contract for carriage) with number " BW15-1137W1FZ2" dated

15

February 24, 2022 and listed the carrier as "AMYOW," and listed "AZNG" which is the standard code for an Amazon leased, owned and/or controlled trailer, as trailer "V506579."

47. The Bill of Lading listed the shipper as "5501 Holabird Avenue, Baltimore, MD 21224-6026." The Holabird Avenue address is the location of Amazon Warehouse BW15 and the load was destined to consignee ATL6 4200 North Commerce Drive, East Point, Georgia 30344-5707, an Amazon Fulfillment Center, and consisted of 2486 cartons of packages ("Cargo") with a weight of 11690.55 pounds.

48. Defendant Amazon Logistics, Inc. and/or the Amazon Defendants legally bound themselves to transport this Cargo and had the authority to do so under its motor carrier authority.

49. The Amazon Defendants entered into an arrangement with Defendant Sharma Freight and/or Tarmeed Trucking and driver Defendant Abdinasir to haul the cargo on Defendant Amazon Logistics, Inc.'s behalf and for which they retained the right to control many of the key aspects of the delivery of the Cargo.

50. The trip was approximately 2,468 miles and was to be completed by a single driver within a strict deadline and subject to different penalties if not timely completed.

51. To ensure the strict time deadlines were met by its drivers, the Amazon Defendants maintained sophisticated technology systems on the branded "Prime" trailers and had real time access to global positioning data and knew or should have

16

known the position of the equipment and whether the tractor-trailer was on track to meet or miss the delivery deadlines.

52. On or before February 25, 2022, Defendant Abdinasir had been dispatched to pick up cargo at an Amazon facility and was acting on the business of Amazon. However, Amazon, on information and belief, had experienced a service disruption and sent Abdinasir away when the trailer was not ready at his arrival time.

53. It is the nature of the trucking business that drivers must return from deliveries and routes to their origins, terminals or homes with no further load or assignment, but are still on the business of the masters or principals when doing so. *Greenwell v. Boatwright*, 184 F.3d 490, 491-492 (6th Cir. 1997). At the materials times, Abdinasir was traveling to his origin, terminal and thus was on the business of his principals.

54. After leaving the Amazon facility, Abdinasir was driving on I-71 South in Kingston Township, Delaware County, Ohio, in a 2015 Volvo truck-tractor owned by Defendant Tarmeed Trucking, VIN 4V4NC9EG4FN190814., at highway speeds when he - either impaired by fatigue or distraction or both – failed to maintain a safe distance and was following too close and crashed into the back of a Ford Escape. At that time, roadway conditions were clear and unobstructed.

55. The 2015 Volvo truck tractor stopped in the left lane of travel and Defendant Abdinasir got out of the truck-tractor without ensuring the lights were operable and failed to place hazard signal devices behind the truck-tractor. At or near the same

17

time Paul Green was traveling in the southbound lane in a GMC Sierra, VIN 1GTEK19T34E152978.

56. Because the truck-tractor lacked adequate warning devices, including hazard signals, lighting or other warnings, Mr. Green was unable to see the Volvo truck in the dark and crashed into the truck and as a result, the engine block and front compartment pushed into the front passenger area. The crash was so severe the entire frame of the passenger area shifted from the bed of the truck.

57. After a prolonged admission to hospital care, Paul Green died as a direct result of the injuries caused when he slammed into the Volvo truck that was stopped in a lane of traffic on the highway with no lights or warning devices.

## APPLICABLE LAW TO TRANSPORTATION ARRANGEMENTS

58. 49 U.S.C. § 13901(c) requires "for each agreement to provide transportation or service for which registration is required under this chapter, the registrant shall specify, in writing, the authority under which the person is providing such transportation or service."

59. Pursuant to the Bill of Lading issued by Defendant Amazon Logistics, Inc. that was in effect at the time, the Amazon Defendants accepted the tender of the Cargo.

60. Defendant Amazon Logistics, Inc. is a "motor carrier providing transportation...that uses motor vehicles not owned by it to transport property under an arrangement with another party" 49 U.S.C. § 14102(a) and is bound to comply with all applicable provisions of the Federal Motor Carrier Safety Regulations.

61. When Defendant Amazon Logistics, Inc. entered an arrangement with Defendant Sharma Freight and/or Tarmeed Trucking and/or Defendant Abdinasir to

18

use vehicles not owned by them to transport property, the Defendant Amazon Logistics, Inc. assumed legal possession, control and use of the equipment including the truck-tractor involved in the crash under 49 U.S.C. § 14102(a); 49 C.F.R. § 376.11-376.12(c); 49 C.F.R. § 376.26; 49 C.F.R. § 390.5 (defining employer and employee to include independent contractors).

62. Defendant Amazon Logistics, Inc. is liable (vicariously and otherwise) for the acts of its agent/borrowed servant and statutory employee, Defendant Sharma Freight and/or Tarmeed Trucking and/or Defendant Abdinasir.

63. Defendant Amazon Logistics, Inc. aided and abetted violations of the Federal Motor Carrier Safety Regulations and engaged in civil conspiracy to circumvent those regulations.

### CLAIMS FOR RELIEF
### WRONGFUL DEATH

64. All allegations and causes of action in this Amended Complaint, pled above and below, are incorporated into this claim for relief by reference.

65. Plaintiff brings this Cause of Action under Ohio's Wrongful Death Statute, found at O.R.C. § 2125 against all Defendants.

66. As a direct and proximate result of the negligence of all Defendants, Paul Green's next of kin and beneficiaries, including his wife Marga Green and his surviving beneficiaries, have experienced loss of support; loss of services; loss of inheritance; loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

19

67.     Paul Green's next of kin have experienced past grief, mental anguish and bereavement as a result of his death and will experience the same in the future, proximately and directly caused by the negligence of all Defendants, as set forth in greater detail herein.

## SURVIVAL ACTION

68.     All allegations and causes of action in this Amended Complaint, pled above and below, are incorporated into this cause of action by reference.

69.     As a direct and proximate result of the negligence of all Defendants, Paul Green experienced terror, conscious anguish, suffering and pain from the date of the crash until his death almost three months later, on May 16, 2022. While conscious for much of the survival period, he suffered a brain injury and could not speak due to the brain injury and the placement of a tracheostomy tube.

70.     As a direct and proximate result of the negligence of all Defendants, Paul Green incurred medical and other expenses, and suffered physical pain and suffering and mental anguish before his death.

## COMMON CLAIMS FOR RELIEF AGAINST THE AMAZON DEFENDANTS, DEFENDANT SHARMA FREIGHT, LLC AND/OR DEFENDANT TARMEED TRUCKING

71.     All allegations and causes of action in this Amended Complaint, pled above and below, are incorporated into these claims for relief by reference.

72.     The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking owed non-delegable duties to the motoring public and as set forth under Restatement (2d) of Torts, § 428, § 414 and other applicable law.

20

73. The Amazon Defendants, Defendants Sharma Freight and/or Tarmeed Trucking specifically controlled and/or had the right to control the manners and the means of the agent-driver's performance of the work involved in the transportation cycle, including the ability to penalize drivers when they refused to deliver cargo, were late on deliveries, did not use the Amazon required apps and other technology, experienced a delivery "exception" and/or

74. Plaintiff brings the following claims for relief against the Amazon Defendants, Defendant Sharma Freight, LLC and Defendant Tarmeed Trucking, LLC:

    (1)    Negligence;

    (2)    Negligence of the Amazon Defendants in the selection and hiring of Defendant Sharma Freight and/or Defendant Tarmeed Trucking and/or Defendant Abdinasir and under Restatement of Torts (2nd) § 411;

    (3)    Negligence in the hiring, retention, supervision, and training of Defendant Abdinasir.

    (4)    Negligence in the entrustment of the equipment (truck and trailer) to Defendant Abdinasir.

    (5)    Vicarious liability for the acts, omissions and negligence of its agent and borrowed servant Defendant Abdinasir;

    (6)    Joint venture/enterprise liability;

    (7)    Master/servant liability, respondeat superior, vicarious liability;

    (8)    Liability as statutory employer of Defendant Abdinasir and as having exclusive possession, control, use and complete responsibility for the

21

equipment and complete responsibility for its operation under 49 U.S.C. § 14102(a), 49 C.F.R. §§ 376.11-12(c); 376.26; 49 C.F.R. § 390.5, under agency theory, *respondeat superior*, master/servant, negligent entrustment, joint servant/employee, and other doctrines:

(9)     Coercion of driver(s) to operate under unsafe conditions and while fatigued or distracted under 49 C.F.R. § 390.6, 49 C.F.R. § 390.11, 49 C.F.R. § 390.13 (aiding and abetting); and

(10)    Civil conspiracy.

75.    As a legal and proximate result of the Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking's acts or omissions, negligence, coercion, aiding and abetting, and civil conspiracy, the Amazon Defendants, Defendant Sharma Freight and/or Defendant Tarmeed Trucking are liable for their acts and omissions under borrowed servant, joint servant, agency, master/servant, statutory employment, negligent entrustment, negligence, and joint venture/enterprise. Paul Green was killed and he and his survivors' suffered injuries and damages as a proximate and legal result thereof and for which his surviving family members and beneficiaries are entitled to recover, as set forth more fully below.

76.    The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking had duties to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under their federal motor carrier operating authority and other employees and agents, including Defendant Abdinasir, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and

22

vehicles were reasonably safe. The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking had duties to exercise reasonable care in all their actions and omissions.

77.     The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking had duties to exercise reasonable care in entrusting their equipment and vehicles to responsible, competent, safe, and qualified drivers.

78.     The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking failed in the above-mentioned duties and were therefore negligent.

79.     The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking's negligence were the direct and proximate cause of the injuries and death of Paul Green, and the damages described in this Amended Complaint.

80.     The Amazon Defendants, Defendant Sharma Freight and/or Tarmeed Trucking's actions demonstrated a conscious disregard for the rights and safety of Paul Green and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants, as set forth more fully below.

## NEGLIGENCE OF DEFENDANT ABDINASIR

81.     All allegations and causes of action in this Amended Complaint, pled above and below, are incorporated into these claims for relief by reference.

82.     On or about February 25, 2022, Defendant Abdinasir was driving a tractor-trailer southbound on IR 71 in Kingston Township, Delaware County, Ohio.

23

83.    At or about the same time, Paul Green was driving a Toyota Solara southbound on IR 71 in Kingston Township, Delaware County, Ohio.

84.    Defendant Abdinasir was following too close, failed to stop and crashed into the vehicle in front of him, a Ford Escape.

85.    Defendant Abdinasir then left the tractor to go to the Ford Escape, without putting on hazard signals or placing hazard signals around the truck.

86.    Paul Green crashed into the back of the Volvo truck that was sitting in a lane of travel without any lighting or warning devices in place at 11:53 p.m.

87.    Defendant Abdinasir had a duty to drive the Amazon truck in a safe and reasonable manner, maintain control of the truck in its lane, to obey all traffic laws, to identify other vehicles on the road, maintain a safe distance, and to turn on hazard signals and place hazard signal devices around the truck.

88.    On February 25, 2022, Defendant Abdinasir failed in the above-mentioned duties and is therefore negligent.

89.    Plaintiff brings claims against Defendant Abdinasir (and for which the Amazon Defendants, Defendant Sharma Freight, LLC  and/or Tarmeed Trucking, LLC are liable) for:

        (1) Negligence; and

        (2) Negligence *per se* for violations of Ohio statutes including but not limited to Ohio Revised Code § 4511.79 (Driving commercial vehicle with impaired ability or alertness prohibited); Ohio Revised Code § 4511.33 (Driving in marked lanes); Ohio Revised Code 4511.9911 ("Distracted"

defined; violations committed while distracted); Ohio Revised Code § 4511.34 (Following too closely); Ohio Revised Code § 4511.21(A) (Speed limits – assured clear distance); all of which were in effect at materials time and of which Paul Green was a member of the class those statutes were intended to protect.

90.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages as set forth more fully herein.

## PUNITIVE DAMAGES

91.     Defendants' actions demonstrate a conscious disregard for the rights and safety of Paul Green and the rest of the motoring public, acting with reckless indifference to the consequences to others, despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

## DAMAGES

92.     All allegations and causes of action in this Amended Complaint, pled above and below, are incorporated into these claims for relief by reference.

93.     As a direct and proximate result of the negligence of all Defendants, Paul Green's next of kin and beneficiaries, including his wife Marga Green and the surviving beneficiaries, have experienced loss of support; loss of services; loss of inheritance; loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

25

94.     As a direct and proximate result of the negligence of all Defendants, Paul Green's next of kin have experienced past grief, mental anguish, and bereavement as a result of his death and will experience the same in the future.

95.     As a direct and proximate result of the negligence of all Defendants, Paul Green experienced terror and conscious anguish, suffering and pain prior to his death.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against all Defendants, in an amount in excess of twenty-five thousand dollars that is just and fair and in excess of the jurisdictional minimum (exclusive of costs and interest), in addition to punitive damages, costs and other relief this Honorable Court deems just under the circumstances and for process to issue, trial by jury and for any and all other relief available at law or equity.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

*Matthew E. Wright*
Matthew E. Wright, (OH 102854)
The Law Firm for Truck Safety LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
Phone (615) 455-3588
Facsimile: (615) 468-4540
matt@truckaccidents.com
www.truckaccidents.com

26

Andrew Young (No. 71543 )
The Law Firm for Truck Safety LLP
313867 Lorain Road
North Olmsted, OH 44070
Phone: (216) 961-3932
andy@truckaccidents.com
www.truckaccidents.com

and

Jennifer L Weeks. (#0080716)
Chester Law Group Co., L.P.A.
430 White Pond Drive
Akron, Ohio 44320
Phone: 330-253-5678
Fax: 330-762-5063
jweeks@chesterlaw.com

*Attorneys for Plaintiff*

Respectfully submitted,

*Matthew E. Wright*
Matthew E. Wright
*Attorney for the Plaintiffs*