# EXHIBIT 2

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, OHIO

| | | |
|---|---|---|
| MARGA GREEN, | : | |
| Plaintiff, | : | |
| | | Case No. 24 CV C 01 0045 |
| -vs- | : | |
| | | JUDGE JAMES P. SCHUCK |
| AMAZON LOGISTICS, INC., et al., | : | |
| Defendants. | : | |

**JUDGMENT ENTRY GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFF'S MOTION TO STRIKE, OR ALTERNATIVELY MOTION FOR LEAVE TO FILE A SUR-REPLY**

Before the court are two motions: (1) a motion for judgment on the pleadings filed by Defendants Amazon Logistics, Inc. d/b/a Prime, Amazon.com, Inc., Amazon.com Services LLC, Amazon Fulfillment Services, Inc., and Amazon Transportation Services (collectively, "the Amazon Defendants") and (2) a motion to strike or, alternatively, for leave to file a sur-reply filed by Plaintiff Marga Green, individually and as surviving spouse and administrator of the Estate of Paul A. Green ("Green"). For the reasons set forth below, the court grants the motion for judgment on the pleadings and denies the motion to strike or, alternatively, for a sur-reply.

## I.     FACTUAL ALLEGATIONS

On February 25, 2022, a commercial tractor driven by Defendant Abdiaziz Abdinasir ("Abdinasir") collided with another vehicle. [2/1/24 Am. Compl. ¶ 54.]

Abdinasir then stopped in a traffic lane of Interstate 71 without using any signals or flashers to indicate that his vehicle was stopped. [*Id.*] Green's husband, Paul Green, ("Decedent") crashed into Abdinasir's vehicle while it was stopped in the lane of traffic. [*Id.* at ¶ 55.]

Amazon Logistics, Inc. contracted with Defendant Sharma Freight ("Sharma") to transport its goods. [*Id.* at ¶ 4.] Sharma then sub-contracted with Abdinasir to transport those same goods. [*Id.* at ¶ 19.] Abdinasir drove the tractor as an independent contractor hired by the owner of that vehicle, Defendant Tarmeed Trucking LLC ("Tarmeed"). [*Id.* at ¶¶ 17–19.] The contract included two driving routes: (1) from an Amazon Fulfilment Center to deliver goods to an Amazon Warehouse and (2) from an Amazon Warehouse to deliver goods to an Amazon Fulfilment Center. [*Id.* at ¶¶ 44–47.] At the time of the collision, Abdinasir was driving to his home, had no trailer connected to his tractor, and was not transporting goods. [*Id.* at ¶¶ 52–54.]

On January 12, 2024, Green sued Tarmeed, Sharma, and Abdinasir. On February 1, 2024, Green amended her claims and sued the Amazon Defendants. Green alleges four claims:

(1) negligent wrongful death;

(2) survivor action as a derivative claim to the negligent wrongful-death claim;

(3) "common claims" under tort law related to carriers: negligence, negligent

hiring, negligent retention, negligent entrustment, vicarious liability,

enterprise liability, respondeat superior, coercion of driver to operate under

unsafe conditions, and conspiracy; and

(4) negligence (against Abdinasir only).

The Amazon Defendants now move for judgment on the pleadings on the three

counts against them.

## II.    LAW AND ANALYSIS

### A.    Legal Standard for a Motion for Judgment on the Pleadings

Civil Rule 12(C) states: "After the pleadings are closed but within such time as

not to delay the trial, any party may move for judgment on the pleadings."  The

standard for evaluating a motion for judgment on the pleadings is the same as the

standard for a motion to dismiss filed under Civil Rule 12(B)(6), except that a motion for

judgment on the pleadings requires the court to consider the complaint and answer.

Dismissal is appropriate if, the court "(1) construes the material allegations in the

complaint, with all reasonable inferences to be drawn therefrom, in favor of the

nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no

set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest

Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

3

A motion for judgment on the pleadings presents only questions of law. *Gessner v. Gregg's Pawn Shop, Inc.*, 2009-Ohio-713, ¶ 11 (5th Dist.). "The determination of a motion under Civil Rule 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in [his] favor." *Id.*, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165–66 (1973). All factual allegations in the pleadings of the nonmoving party are accepted as true. *Cirotto v. Heartbeats of Licking Cty.*, 2010-Ohio-4238, ¶ 17 (5th Dist.). Unsupported factual allegations and legal conclusions are not presumed to be true. *Boske v. Massillon City Sch. Dist.*, 2011-Ohio-580, ¶ 12 (5th Dist.).

### B. Preemption

The Amazon Defendants contend that the claims against them are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). Under the FAAAA, a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. 14501(c)(1). That preemption provision is to be interpreted broadly. *Creagan v. Wal-Mart Trans., LLC*, 354 F.Supp.3d 808, 812 (N.D. Ohio 2018).

Courts have interpreted that preemption provision and held that the FAAAA preempts common-law tort claims against brokers and shippers. *Northwest, Inc. v.*

4

*Ginsberg*, 572 U.S. 273, 281–84 (2014). This includes claims for negligence arising out of a collision with a commercial tractor or truck transporting cargo. *See, e.g., Cox v. Total Quality Logistics, Inc.*, 2024 WL 2962783, *6 (S.D. Ohio) (negligent-hiring and supervision claims arising out of fatal truck collision were preempted); *Lee v. Werner Enters., Inc.*, 2022 WL 16695207, *4 (N.D. Ohio) (negligence, negligent-hiring, and loss-of-consortium tort claims against brokers and shippers arising out of a truck collision were preempted); *Creagan* at 813–14 (negligent-hiring claims against shipper and broker arising out of a truck collision were preempted).

By contrast, claims against motor carriers are not preempted by the FAAAA. A "motor carrier" is "a person providing motor vehicle transportation for compensation." 49 U.S.C. 13102(14).

Here, the factual allegations reflect Amazon Defendants merely provided the cargo for transportation. They never acted as motor carriers.

Green contends this motion cannot be decided at this pre-discovery stage because the complaint and answer differ on whether the Amazon Defendants are "brokers" or "carriers." Green reaches the legal conclusion but fails to point to any factual allegations to support his conclusion that the Amazon Defendants acted as motor carriers under the FAAAA at the time of the collision.

The Court is not required to accept Green's unsupported legal conclusion that the Amazon Defendants are motor carriers. The undisputed factual allegations reflect

5

the Amazon Defendants did not own the tractor and did not employ or contract with Abdinasir. Sharma hired Abdinasir, and Abdinasir was driving under Sharma's Department of Transportation motor-carrier registration at the time of the collision. At the time of the collision, Abdinasir drove a tractor with no trailer attached, and Abdinasir was not even transporting cargo for the Amazon Defendants. Moreover, the Amazon Defendants are not considered motor carriers in the transaction at issue merely because one of the Amazon Defendants has a Department of Transportation motor-carrier registration number and had the authority to act as a motor carrier. *See Harris v. Velichkov*, 860 F.Supp.2d 970, 979 (D.Neb. 2012) (motor-carrier registration was irrelevant to whether the defendant actually acted as a motor carrier in the transaction at issue). The claims against the Amazon Defendants, therefore, are within the scope of the FAAAA's preemption provision.

Further, Green urges the Court to apply the FAAAA's safety exception to the preemption provision. That exception states that the FAAAA "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 29 U.S.C. 14501(c)(2)(A). Courts have rejected the argument that this safety exception applies to common-law tort claims. *Creagan* at 814. *See also Cox*, 2024 WL 2962783, at *4 (S.D. N.DOhio), quoting 49 U.S.C. 14501(c)(2)(A) ("Plaintiffs' claims are preempted because a common law negligence claim enforced against a broker is not a law that is 'with respect to motor vehicles.'"). The safety exception, rather, applies to state-law safety

6

regulations, not private tort claims indirectly related to safety. Such a broad holding would result in the exception swallowing the rule. The safety exception, therefore, does not apply to Green's claims, and Green's claims against the Amazon Defendants are preempted by the FAAAA.

### C.      Motion to Strike

Green contends that the Amazon Defendants cited new cases in their reply brief that could have been included in the original motion. A moving party is prohibited from raising *new arguments* in its reply brief. But a moving party is not prohibited from citing *new case law* in response to the legal arguments raised in the nonmoving party's response. The moving party may cite new cases, so long as those cases do not raise new issues or theories of the case not raised in the original motion and memorandum contra. *See, e.g., Spitzer Autoworld Akron, LLC v. FCA US LLC*, 2023 WL 4842669, *1 (N.D. Ohio).

Green alternatively seeks leave to file a sur-reply. "Sur-replies generally are disfavored." *NOCO Co. v. Shenzhen Valuelink E-Commerce Co.*, 550 F.Supp.3d 488, 499 (N.D. Ohio 2021). Sur-replies are permitted where the moving party raises new arguments in the reply brief and a sur-reply is necessary to provide the nonmoving party with an opportunity to respond to those new arguments. *Bank of N. Y. Mellon v. Crates*, 2016-Ohio-2700, ¶ 19 (5th Dist.). *See also Sabolik v. HGG Chestnut Lake Ltd. Partnership*, 2009-Ohio-130, ¶ 37 (8th Dist.) (no abuse of discretion in denying a motion for leave to file a sur-reply to address misrepresentations of fact in the reply brief).

Because the Amazon Defendants did not raise new arguments in their reply brief, a sur-reply is not warranted.

The Court denies the motion to strike and alternative motion for leave to file a sur-reply.

## III.    CONCLUSION

The Court grants the Amazon Defendants' motion for judgment on the pleadings and denies Green's motion to strike or, alternatively, for leave to file a sur-reply.  This judgment entry resolves all claims against the Amazon Defendants.

IT IS SO ORDERED.

_____
JUDGE JAMES P. SCHUCK

cc:    All counsel and self-represented parties