UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARY JOAN BOEHNE, *et al.*,

    Plaintiffs,

vs.

C.H. ROBINSON WORLDWIDE, INC., *et al.*,

    Defendants.

Case No. 3:23-cv-158

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: DIRECTING COUNSEL TO FILE MOTIONS, AS APPROPRIATE, INSTEAD OF EMAILING THE COURT; (2) GRANTING PLAINTIFF'S MOTION TO EXCEED THE FED. R. CIV. P. 30 10-DEPOSITION LIMIT, AND AUTHORIZING UP TO 30 DEPOSITIONS; (3) REFERRING THIS CASE TO JUDGE GENTRY FOR THE REMAINDER OF THE DISCOVERY PERIOD (TO HANDLE ANY DISCOVERY DISPUTES THAT MAY ARISE); AND (4) CONFIRMING ALL DATES SET FORTH IN THE COURT'S SEPTEMBER 30, 2025 ORDER (Doc. No. 109).**

---

This case is before the Court upon Plaintiffs' motion for leave to alter Rule 30's 10-deposition limit (Doc. No. 105), and Defendant C.H. Robinsons's response (Doc. No. 106).

**I.**

Before considering the parties' contentions, the Court notes it received an email from one of Plaintiffs' counsel, Jon Bond, suggesting a ruling from the Court on Plaintiffs' presently pending motion would help push the case forward. Bond copied other counsel of record on his email.

In order to efficiently and fairly manage its large docket of civil and criminal cases, and to avoid any appearance of impropriety, the Court does not approve of email, or any written communication by counsel, concerning case-related matters except as set forth in either S.D. Ohio Civ. R. 7.2(c) ("Letters to the Court are not permitted unless (1) requested by the Court in a specific

matter, or (2) advising the Court of settlement of a pending matter. All other written communications must be by way of formal motion or memorandum submitted in compliance with these Rules"); or the Court's Standing Orders Governing Civil or Criminal Cases. *See* https://www.ohsd.uscourts.gov/FPNewman. Consequently, when considering the pending motion and the parties' contentions, the Court has not, and will not, consider attorney Bond's email. Additionally, unless a Rule 7.2(c) exception applies or another exception authorized by one of the Court's Standing Orders applies, counsel shall not email the Court.

## II.

The Court has fully reviewed and considered the parties' memoranda and arguments. Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) and 26(b)(2)(A), and considering the amount in controversy, the significant overlap between the list of proposed deponents and the witnesses that C.H. Robinson may call at trial, the topics on which the deponents will testify, the importance of the deponents' testimony in this case, and the parties' resources, the Court finds that the requested depositions are both relevant and proportional. Accordingly, the Court **GRANTS** the Motion to Alter and authorizes Plaintiffs to take up to thirty depositions in this case, consistent with the plan proposed in the Motion to Alter.

## III.

Lastly, although the Court recently withdrew the reference of this case to Magistrate Judge Caroline H. Gentry, upon further consideration of Judge Gentry's extensive knowledge of the case and the discovery disputes that have arisen warrant referring this case to Judge Gentry pursuant to the Court's Standing Order Governing Civil Cases to manage or resolve any discovery disputes that might arise prior to the discovery deadline.

In addition to using all extrajudicial means for resolving any further discovery disputes, counsel shall contact Judge Gentry's chambers for an informal discovery conference before filing discovery motions.  *See* S.D. Ohio Civ. R. 37.1.

## IV.

All dates set forth in the Court's September 30, 2025 Order (Doc. No. 109) are **CONFIRMED.**

**IT IS SO ORDERED.**

October 3, 2025                                     s/*Michael J. Newman*
                                                                Hon. Michael J. Newman
                                                                United States District Judge