**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

| | |
|---|---|
| MARY JOAN BOEHNE Individually and as Personal Representative of the Estate of Baby Boy Boehne, deceased and the Estate of Jeremy David Ralph Boehne, deceased,<br><br>Et al, Plaintiffs,<br><br>v.<br><br>C.H. ROBINSON WORLDWIDE, INC.,<br><br>Et al., Defendants | **C.H. ROBINSON NOTICE OF COMPLIANCE WITH SEPTEMBER 30, 2025 COURT ORDER**<br><br><br>Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| AMERICAN ECONOMY INSURANCE COMPANY,<br><br>Petitioner,<br><br>v.<br><br>MARY JOAN BOEHNE, Individually and as Personal Representative of the Estate of Baby Boy Boehne, deceased and the Estate of Jeremy David Ralph Boehne, deceased;<br><br>Et Al., Respondents. | Case No.: 3:23-cv-00158-MJN-CHG |

On September 30, 2025 this Court issued an Order granting, in part, Plaintiff's Motion to Compel production from Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson"). See Doc. 109.

The Court's September 30, 2025 Order required C.H. Robinson to "produce documents and supplement its previous responses as outlined in Plaintiffs' third supplemental memorandum in support of their motion to compel" and to make "arrangements for the Rule 30(b)(6) deposition" on or before October 14, 2025. *Id.* at p. 2, see Doc. 103.

The September 30, 2025 Court Order granted the specific relief Plaintiffs' sought in their third supplemental memorandum in support of their motion to compel. Plaintiffs sought an order "requiring CH Robinson to provide documents and supplement its previous discovery responses as outlined above".  Doc. 103, p. 7.  Plaintiffs listed numbered interrogatories in their first set of interrogatories and numbered requests in their first, second, and third requests for production, and for each listed number described in detail what documents and information were sought.  *Id.*, p. 3-7.  Plaintiffs' motion did not seek relief involving any other sets of written discovery issued subsequent to the third set of requests to produce.

On October 13, 2025, C.H. Robinson supplemented its discovery responses based on the information specifically sought in Plaintiffs' motion and per the September 30, 2025 Court Order, and provided available dates for its Rule 30(b)(6) deposition to be taken.  See Exhibit 1, correspondence of October 13, 2025.  Through this filing, C.H. Robinson wishes to notify the Court of its full compliance with the September 30, 2025 Court Order.

Additionally, the Court's September 30, 2025 Order set an in person sanctions hearing for October 23, 2025 at 9:00 am in Courtroom 4, Walter H. Rice Federal Building and United States Courthouse, Dayton OH.  See Doc. 109.  The Court noted it had set the sanctions hearing "in a significant abundant of caution".  *Id.* at p. 2.  The Court indicated that it also remained concerned that C.H. Robinson "may not have supplemented its discovery responses 'in a timely manner'" and that potential sanctions concerning this issue, if appropriate, may also be addressed at the October 23, 2025 sanctions hearing.  *Id.* at p. 2.

It should be noted that Plaintiffs has not moved for sanctions against C.H. Robinson.

C.H. Robinson provided a letter to Plaintiffs with its supplemental discovery on October 13, 2025, confirming it had provided the insurance tower, available dates for its Rule 30(b)(6)

deposition, and supplements to discovery with document production required by the September 30, 2025 Court Order.  C.H. Robinson asked whether or not Plaintiffs agreed C.H. Robinson was in compliance with the September 30, 2025 Court Order and if they would object to a motion to strike the October 23, 2025 sanctions hearing.  Exhibit 2, C.H. Robinson Letter dated October 13, 2025.

Plaintiffs responded on October 16, 2025 and disagreed to cancelling the sanctions hearing. Exhibit 3, Plaintiffs' Letter dated October 16, 2025.  They stated their disbelief that C.H. Robinson complied with either the Court Order or overall discovery obligations. Plaintiffs then requested supplemental information concerning discovery that was at issue in Plaintiffs' third supplemental memorandum in support of their motion to compel and the September 30, 2025 Court Order.

But, Plaintiffs also listed supplemental discovery they sought that was not at issue in Plaintiffs' third supplemental memorandum in support of their motion to compel or discussed in the September 30, 2025 Court Order. Finally, Plaintiffs issued a seventh set of requests to produce and requested responses and production before any C.H. Robinson depositions proceed.

C.H. Robinson believes it is in compliance with the interrogatories and requests as originally stated in Plaintiffs' propounded discovery, and that Plaintiffs' October 16, 2025 supplemental interrogatories and requests for production seek information not previously nor specifically sought. Furthermore, the fourth set of requests to produce—issued on February 21, 2025 after Plaintiffs' motion to compel was filed on October 9, 2024—was never at issue during the discovery motion practice and was not mentioned in the September 30, 2025 Court Order. Therefore, C.H. Robinson does not believe that the supplemental discovery sought in Plaintiffs' October 16, 2025 letter is subject to the September 30, 2025 Court Order and should not be at issue at the sanctions hearing.

To err on the side of resolving this request on terms satisfactory to Plaintiffs, C.H. Robinson has contacted Plaintiffs' office to clarify what information exactly they seek and to supplement what responsive information may exist in an ongoing effort to resolve Plaintiffs' discovery dispute.

C.H. Robinson notes that its counsel of record will be in attendance at the sanctions hearing, and that C.H. Robinson's person with the most knowledge of C.H. Robinson's responses to Plaintiff's discovery, Deputy General Counsel Chris Ugarte, will be out of the country and unable to personally attend.  Mr. Ugarte can be available via telephone or Zoom to enable him to present to the hearing.

Respectfully submitted,

*/s/ Geoffrey A. Belzer*
Geoffrey A. Belzer (Ohio #0071899)
Michael C. Habic (Admitted PHV)
Wilson Elser Moskowitz Edelman & Dicker LLP
161 North Clark Street, Suite 4500
Chicago, Illinois 60602
(312) 706.3004
Geoffrey.Belzer@wilsonelser.com
michael.habic@wilsonelser.com
*Attorneys for Defendant C.H. Robinson*
*Worldwide, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 17, 2025, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System such that the foregoing received a copy of the attached document through the ECF System:

Michael Jay Leizerman (michael@truckaccidents.com)
Jonathan Bond (jon@truckaccidents.com)
The Law Firm for Truck Safety, LLP
3232 Executive Parkway, Suite 106
Toledo, Ohio 43606
Attorneys for Plaintiffs

Vincent E. Cononico (vecononico@mdwcg.com)
Marshall Dennehey Warner Coleman & Googin
127 Public Square, Ste. 3510
Cleveland, OH 44114
Attorney for Defendant Unique Freight Carriers

Crystal L. Maluchnik (crystal.maluchnik@janiklaw.com)
Janik L.L.P.
9200 South Hills Blvd., Suite 145
Cleveland, Ohio 44147
Alex B. Mahler (amahler@nicolaidesllp.com)
Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 S. Wacker, 36th Floor
Chicago, IL 60606
amahler@nicolaidesllp.com
Attorney for Intervenor American Economy Insurance Company

*/s/ Geoffrey A. Belzer*