**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION**

| | |
|---|---|
| **MARY JOAN BOEHNE**, etc., et al., | Case No.: 3:23-cv-00158-MJN-CHG |
| Plaintiffs, | Judge Michael J. Newman |
| v. | Magistrate Judge Caroline H. Gentry |
| **C.H. ROBINSON WORLDWIDE, INC.**, et al., | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS** |
| Defendants. | |

CH Robinson's Opposition does not respond to Plaintiffs' Motion—it sidesteps it.  The crux of Plaintiffs' Motion is that Robinson manipulated critical evidence by structuring its initial data extraction in a way that ensured that the Indiana Load would not appear and then used that incomplete dataset to repeatedly deny involvement in this crash.  CH Robinson does not meaningfully address that misconduct.  Instead, its Opposition pivots to different points entirely, alleging that Plaintiffs should have tried harder to meet and confer, and claiming post-motion discovery compliance.[1]  These are not defenses (especially when the main charge is evidence manipulation and when, in the interim, CH Robinson also moved to stay the entire case (Doc. No. 124)) but proof that Court intervention was required to obtain basic compliance.

> **I.       CH Robinson sidesteps its manipulation and withholding of key evidence.**

CH Robinson's Opposition conspicuously avoids the central issue raised in Plaintiffs' Motion: how and why the load history was deliberately truncated to omit the Indiana Load.  The record is now clear that when it initially pulled BLF's load history, CH Robinson:

- **unilaterally excluded "bounced loads"**—a necessary category when a crash is involved that would have shown the Indiana Load;

---

[1] Plaintiffs want to clarify that this Motion is about CH Robinson's pattern of conduct and not their counsel.  Since filing their initial motion, counsel for CH Robinson has acted courteously and professionally, has provided responses and documents to the 8th and 9th sets of RFPs, and offered deposition dates.  Plaintiffs no longer need or request that the Court require CH Robinson to provide the outstanding documents or deposition dates, except for the Evers Haze emails.

- **arbitrarily truncated the date range**, which also ensured the Indiana Load would not appear;

- used that manipulated dataset to repeatedly represent to Plaintiffs and this Court that it had "zero involvement" in the events giving rise to this case; and

- once Plaintiffs uncovered CH Robinson's involvement, submitted an employee affidavit from Kelsie Evers that carefully mischaracterized how the initial load history became truncated.

CH Robinson does not dispute these facts and *still* has provided no meaningful explanation for why it truncated the load history. Instead, without supporting evidence, it attempts to recast its conduct as inadvertent. Even more telling, CH Robinson continues to withhold the **Evers–Haze emails**—the very communications that would explain how the load history was requested, generated, and limited. These emails were identified and discussed in deposition testimony and go directly to how the load history was requested and generated. CH Robinson has not asserted a valid basis for withholding them, yet they remain unproduced.

This is not a case of delayed production—it is a case where the truth only emerged after CH Robinson's own data limitations were exposed by a third party. And CH Robinson *still* has not provided a valid explanation for what transpired.

**II.  CH Robinson's attempts at deflection fall flat.**

Rather than addressing the crux of the main evidentiary argument, CH Robinson accuses Plaintiffs of failing to meet and confer and highlights its post-motion discovery efforts. CH Robinson's deflection attempts falter for two reasons. **First**, what purpose would a meet and confer serve related to Plaintiffs' accusations of improper evidentiary manipulation? **Second**, Plaintiffs *did* satisfy their meet and confer obligations.

Indeed, the record shows repeated, escalating efforts by Plaintiffs to resolve these issues without Court intervention:

- February 13, 2026: Plaintiffs notify CH Robinson that the responses were overdue and requested immediate production.  (Doc. No. 123-5, PageIDs 1661-1662.) Plaintiffs are ignored.

- February 17, 2026: Plaintiffs again request responses and deposition dates.  (*Id*. at PageIDs 1660-1661.)

- February 20, 2026: Plaintiffs follow up on the depositions and documents, set a firm deadline, and warn that Court involvement would follow.  (*Id*. at PageIDs 1559-1660.)

- February 23, 2026: After a deposition, Plaintiffs' counsel raised the outstanding discovery issues directly with Robinson's counsel and asked whether the discussion satisfied the meet-and-confer requirement.  Robinson's counsel explained that it was considering whether to even produce the documents and informed that it was planning to move to stay the entire case.

- February 25, 2026: Plaintiffs again requested the documents and deposition dates and warns of court involvement.  (*Id*. at PageID 1659.)

- March 9, 2026: After being ignored, Plaintiffs move to Compel and for Sanctions.  (Doc. No. 123.)

- Later that same day, CH Robinson moves to stay the entire case.  (Doc No. 124.)

- March 13, 2026: The listed discovery period ends.  (Doc. No. 107.)

Given the above, CH Robinson cannot refuse to engage in the meet-and-confer process and then rely on that same process as a shield against judicial review.  The governing rules require parties to exhaust extrajudicial efforts—not to engage in futile gestures in the face of continued noncompliance.  And where, as here, the dispute involves the manipulation and withholding of core evidence and violations of a Court Order, immediate judicial intervention was appropriate.

**III.    Serious sanctions are warranted under Rule 37.**

Given the seriousness of the offenses, Plaintiffs requested default sanctions are necessary and squarely supported by Sixth Circuit precedent.  Under that precedent (as explained in Plaintiffs' Motion at Doc. No. 123, PageIDs 1599-1600), the balance of the relevant factors (bad faith, prejudice, warning, and lesser sanctions) weigh in Plaintiffs' favor.  Moreover, the Sixth

Circuit has repeatedly and recently held that default judgment is an appropriate sanction and not an abuse of discretion when the defendant violates court orders or where the discovery obstruction prevented access to key evidence. *See United States v. Thody*, No. 22-1401, 2023 WL 7323167, at *3 (6th Cir. June 5, 2023) (collecting Sixth Circuit cases in upholding default judgment sanction against defendant who willfully refused to comply with his discovery obligations). Here, the sanctions are particularly warranted because CH Robinson's conduct in this case and around the country evidences a pattern of disregard for its discovery obligations. *See Estelle v. CH Robinson*, Case No. 23-C-07003-SI (Doc. No. 123-6 (placing Robinson in default because it lied about the tracking data it possessed for the load at issue).)

## IV. Conclusion

In sum, CH Robinson *still* cannot explain the manipulation of its own records, *still* withholds key emails, and *still* attempts to avoid accountability by pointing to actions it took only after being forced to act. Rule 37 exists for precisely this situation. If Robinson's conduct here does not warrant sanctions, it is hard to imagine what would. Plaintiffs ask the Court to grant their Motion in full and render CH Robinson in default of the Complaint.

Respectfully submitted,

/s/ Jonathan N. Bond
Jonathan N. Bond (0096696)
Michael Jay Leizerman (0063945)
Andrew R. Young (0071543)
The Law Firm for Truck Safety, LLP
3232 Executive Parkway, Suite 106
Toledo, OH 43606
Phone: (800) 628-400
Fax: (888) 838-8828
jon@truckaccidents.com
michael@truckaccidents.com
andy@truckaccidents.com
*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I certify that on April 2, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and for transmission to all ECF registrants through the ECF System.

Respectfully submitted,

/s/ Jonathan N. Bond
Jonathan N. Bond
*Attorney for Plaintiffs*