UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARY JOAN BOEHNE, *et al.*,

      Plaintiffs,

vs.

C.H. ROBINSON
WORLDWIDE, INC., *et al.*,

      Defendants.

Case No. 3:23-cv-158

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT (Doc. No. 119); (2) INSTRUCTING THE CLERK OF COURT TO DOCKET SEPARATELY THE FIRST AMENDED COMPLAINT (Doc. No. 119-1); (3) GRANTING IN PART AND DENYING IN PART DEFENDANT C.H. ROBINSON WORLDWIDE, INC.'S MOTION TO STAY THIS LITIGATION, OR IN THE ALTERNATIVE, TO AMEND THE SCHEDULING ORDER AND TRIAL DATE (Doc. No. 124); (4) AMENDING THE SCHEDULING ORDER; (5) REOPENING DISCOVERY UNTIL JUNE 15, 2026; (6) EXTENDING THE PARTIES' DEADLINE TO FILE DISPOSITIVE MOTIONS TO  JULY 15, 2026; (7) VACATING THE AUGUST 3, 2026 TRIAL DATE; (8) REFERRING THIS CASE TO MAGISTRATE JUDGE CAROLINE H. GENTRY TO SUPERVISE DISCOVERY; (9) REFERRING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT C.H. ROBINSON WORLDWIDE, INC. (Doc. No. 123) TO JUDGE GENTRY TO DECIDE THE MOTION AND HOLD A SANCTIONS HEARING, IF NEEDED; (10) DENYING WITHOUT PREJUDICE DEFENDANT C.H. ROBINSON WORLDWIDE, INC.'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 134); AND (11) SETTING A BRIEFING SCHEDULE IN THE EVENT C.H. ROBINSON FILES ANOTHER SUMMARY JUDGMENT MOTION**

---

This civil case arises from a tragic multiple motor vehicle accident that killed four family members and an unborn child.  Doc. No. 1 at PageID 2-3.  The case is before the Court on Plaintiffs' motion, filed through counsel, for leave to file an amended complaint.  Doc. No. 119. Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") has filed a memorandum in opposition.  Doc. No. 121.  Plaintiffs have filed a reply.  Doc. No. 122.  Plaintiffs also filed a motion to compel and for sanctions against C.H. Robinson.  Doc. No. 123.  C.H. Robinson has filed a memorandum in opposition.  Doc. No. 130.  Plaintiffs have filed their reply.  Doc. No. 135.

Additionally, C.H. Robinson has filed a motion to stay this litigation, or in the alternative, to amend the scheduling order and trial date.  Doc. No. 124.  Plaintiffs have filed a memorandum in opposition.  Doc. No. 127.  C.H. Robinson has replied.  Doc. No. 128.  Finally, C.H. Robinson filed a motion for summary judgment to which no response has yet been filed.  Doc. No. 134.

On April 8, 2026, the Court held a telephone conference to discuss the pending motions. Attorneys Michael Leizerman, Andrew Young, and Jonathan Bond appeared on behalf of Plaintiffs; attorney Crystal Maluchnik appeared on behalf of Intervenor Plaintiff American Economy Insurance Company; and attorneys Geoffrey Belzer and Michael Habic appeared on behalf of C.H. Robinson.

Plaintiffs' proposed amended complaint contains additional factual allegations and two new federal causes of action.  *See* Doc. No. 119-1.  Plaintiffs explain,

> [They] now understand that C.H. Robinson facilitated the creation of BLF [Truck Transportation Inc.] and used it to illegally double-broker loads and evade the Federal Motor Carrier Safety Regulations.  The proposed [a]mended [c]omplaint seeks to expand on the allegations in the initial [c]omplaint against C.H. Robinson to account for this development, conform the operative [c]omplaint to the updated facts, and add two federal claims against [C.H.] Robinson.

Doc. No. 119 at PageID 1242 (citing Exh. A, Claims 10-11, ¶¶ 198-219).  C.H. Robinson argues Plaintiffs' motion for leave to file an amended complaint lacks merit because the proposed amended complaint is futile and dilatory.  Doc. No. 121 at PageID 1391-98.

For good cause shown, in the interests of justice and efficiency, and because amendments to a complaint are freely granted as justice so requires, the Court **GRANTS** Plaintiffs' motion for leave to file an amended complaint.  Fed. R. Civ. P. 15(a)(2); *see generally Parchman v. SLM Corp.*, 896 F.3d 728, 736-37 (6th Cir. 2018).  The Court **INSTRUCTS** the Clerk of Court to separately docket the first amended complaint.  Doc. No. 119-1.

In addition, the Court believes the efficient and appropriate way forward is to reopen discovery to give the parties a chance to exchange discovery relating to the new allegations.  Doing

so will not significantly increase the cost of litigation nor prejudice the parties' ability to seek summary judgment. *Cf.* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** C.H. Robinson's motion to stay this litigation, or in the alternative, to amend the scheduling order and trial date. The Court **AMENDS** the scheduling order to **REOPEN** discovery until June 15, 2026 and **EXTEND** the parties' deadline to file dispositive motions until July 15, 2026. The Court also **VACATES** the August 3, 2026 trial date.[1]

The Court **REFERS** this case to Magistrate Judge Caroline H. Gentry to supervise discovery. The Court also **REFERS** Plaintiffs' motion to compel and for sanctions against C.H. Robinson to Judge Gentry to decide the motion and hold a sanctions hearing, if needed.

Given the Court's rulings, C.H. Robinson's pending motion for summary judgment is premature and **DENIED WITHOUT PREJUDICE**. For the reasons discussed during the April 8th conference, in the event C.H. Robinson files another summary judgment motion, Plaintiffs' memorandum in opposition shall be due within 35 days of the filing of the motion and C.H. Robinson's reply memorandum shall be due within 28 days after the memorandum in opposition is filed.

**IT IS SO ORDERED.**

April 21, 2026          s/*Michael J. Newman*
                                       Hon. Michael J. Newman
                                       United States District Judge

---

[1] This case has progressed slowly due to the complex factual and legal issues involved. Given this slow progress, the Court is reluctant to vacate the August trial date but finds it unavoidable under the present circumstances to ensure any future motions for summary judgment, mediation, and trial (if warranted) will be based on a complete record. Ensuring all parties receive due process requires as much. If and when a trial becomes necessary, the Court will, with the parties' input, schedule a final pretrial conference and trial at its first available opportunity.