**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| MARY JOAN BOEHNE, *et al.*, | : | Case No. 3:23-cv-00158 |
| | : | |
| Plaintiffs, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| C.H. ROBINSON WORLDWIDE, | : | |
| INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**DECISION AND ORDER GRANTING PLAINTIFFS' THIRD MOTION TO COMPEL (DOC. NO. 123) AND SETTING AN EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR SANCTIONS (DOC. NO. 123); SANCTIONS HEARING TO BE HELD ON JULY 22, 2026; ORDER TO C.H. ROBINSON TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

---

Currently pending in this matter is Plaintiffs' (Third) Motion to Compel and for Sanctions (Doc. No. 123), which is fully briefed (*see* Doc. Nos. 130 & 135) and has been referred to the undersigned Magistrate Judge (Doc. No. 136.) Although both Motions are included in one document, the Court will rule on them separately.

For the reasons set forth below, Plaintiffs' Motion to Compel (Doc. No. 123) is **GRANTED**. Defendant C.H. Robinson Worldwide, Inc. ("CHR") is **ORDERED** to produce the outstanding discovery (i.e., all documents responsive to RFP 8, No. 5, including the Evers Haze emails) to Plaintiffs **by no later than May 7, 2026**.[1] In

---

[1] In their Reply Memorandum, Plaintiffs state that after they filed their Third Motion to Compel, CHR provided certain outstanding documents and offered deposition dates. (Doc. No. 135, PageID# 2450 n.1.) Plaintiffs clarify that the only outstanding discovery dispute relates to production of "the Evers Haze emails." (*Id.*) Therefore, the Court will confine its analysis of the Motion to Compel to these emails.

addition, CHR's counsel is **ORDERED** to show cause why this Court should not compel

them to pay Plaintiffs' reasonable expenses (including attorneys' fees) incurred in

making the Motion **by no later than May 7, 2026**.

Aside from the discovery disputes identified in the Motion to Compel, Plaintiff's

Motion for Sanctions (Doc. No. 123) raises serious and potentially sanctionable conduct

that necessitates a hearing. Specifically, Plaintiffs state:

> The crux of Plaintiffs' Motion is that [C.H.] Robinson manipulated critical evidence by structuring its initial data extraction in a way that ensured that the Indiana Load would not appear and then used that incomplete dataset to repeatedly deny involvement in this crash….
>
> ****
>
> The record is now clear that when it initially pulled BLF's load history, C.H. Robinson:
>
> - **unilaterally excluded "bounced loads"**—a necessary category when a crash is involved that would have shown the Indiana load;
>
> - **arbitrarily truncated the date range**, which also ensured the Indiana load would not appear;
>
> - used that manipulated dataset to repeatedly represent to Plaintiffs and this Court that it had "zero involvement" in the events giving rise to this case; and
>
> - once Plaintiffs uncovered C.H. Robinson's involvement, submitted an employee affidavit from Kelsie Evers that carefully mischaracterized how the initial load history became truncated.
>
> C.H. Robinson does not dispute these facts and *still* has provided no meaningful explanation for why it truncated the load history.

(Reply, Doc. No. 135, PageID# 2450-51 (emphasis in original).) **The Court will set**

**Plaintiffs' Motion for Sanctions (Doc. No. 123) for an evidentiary hearing on July**

**22, 2026 at 9:00 a.m. in Courtroom 3 at which time Defendant CHR is ORDERED**

2

**TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST IT.[2] Plaintiffs may also put forth evidence as to why sanctions should be imposed.**

I.      **BACKGROUND**

On Christmas Eve in 2022, Defendant Dayren Rocubert allegedly drove a tractor-trailer across the median on I-75 while under the influence of methamphetamine and cocaine and struck two vehicles, killing five members of one family (including an unborn child). Plaintiffs, who represent the estates of the decedents, filed an Amended Complaint against Defendants CHR, Rocubert, Unique Freight Carriers, Inc. ("Unique"), Papi Briche, LLC ("Papi Briche") and BLF Truck Transportation, LLC ("BLF"). (Doc. No. 137, PageID 2458-59.)  Although Plaintiffs have pled an amount in controversy in excess of $75,000 (as required to establish diversity jurisdiction), they contend that "[t]he amount in controversy … is in the nine figures as Plaintiffs believe this case will result in one of the largest civil jury verdicts in Ohio history." (Doc. No. 105, PageID# 1150.)

IIII.   **THE COURT GRANTS PLAINTIFFS' THIRD MOTION TO COMPEL (DOC. NO. 123) AND ORDERS DEFENDANT CHR TO PRODUCE THE EVERS HAZE EMAILS BY NO LATER THAN MAY 7, 2026.**

As noted above, the sole remaining discovery request in dispute is Plaintiffs' request for the Evers Haze emails. (*See* Doc. No. 135, PageID# 2450 n.1.) Because the requested discovery is both relevant and proportional, the Court orders Defendant CHR to produce the Evers Haze emails by no later than May 7, 2026.

---

[2] Plaintiffs have directed the Motion for Sanctions solely toward Defendant CHR, and not toward their counsel. (Doc. No. 135, PageID# 2450 n.1.)

3

### A. General Scope of Discovery

"Unless otherwise limited by court order … [p]arties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense ***and proportional*** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). As explained by the Sixth Circuit:

> In 2015, Rule 26 of the Federal Rules of Civil Procedure was amended to require that all discovery be "proportional" in nature. The old rule permitted discovery of any information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (2010). The new rule permits discovery only of information "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The change ensures that the parties and courts share the "collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26(b) Advisory Committee's note to 2015 amendment. The objective was hard to miss. It was "to improve a system of civil litigation that 'in many cases … has become too expensive, time-consuming, and contentious, inhibiting effective access to the courts.'" Instead of facilitating costly and delay-inducing efforts to look under every stone … the new rule "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." John G. Roberts, Jr., 2015 Year-End Report on the Federal Judiciary 6 (2015) …. It is now "the power—and ***duty***—of the district courts actively to manage discovery and to limit discovery that exceeds its proportional and proper bounds."

*Helena Agri-Enterp., LLC v. Great Lakes Grain Co.*, 988 F.3d 260, 273-74 (6th Cir. 2021) (emphasis in original, citations omitted).

4

**B.     Motions to Compel Discovery**

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If there is such a failure, then "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*.

The moving party "bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010). If this showing is made, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-cv-306, 2017 U.S. Dist. LEXIS 173610, *1 (S.D. Ohio Oct. 19, 2017) (Rice, D.J.) (citing *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (Newman, M.J.)).

**C.     The Evers Haze Emails Are Relevant and Proportional to The Needs of This Case, So CHR Must Produce Them.**

Request No. 5 in Plaintiffs' Eighth Request for Production of Documents ("RFP"), which was served on January 13, 2026, states: "Provide all emails between Kelsie Evers and Brian Haze (and/or any other CHR employee) related to BLF's load history." (Doc. No. 123-3, PageID# 1646.) Based upon this Court's review of the parties' briefs, the requested documents are relevant to the claims and defenses raised in this action and, in addition, to the upcoming sanctions hearing. The Court does not have information

5

regarding the substance of CHR's written response or its objections (if any) asserted in response to this request. However, Plaintiffs represent that CHR still has not produced responsive documents. (Doc. No. 135, PageID# 2450 n.1.)

The Court finds that the requested information is both relevant and proportional. Accordingly, the Court **ORDERS** Defendant CHR to produce all documents that are responsive to Request No. 5 in the Eighth Request for Production of Documents **by no later than May 7, 2026.**

> **D.     CHR's Counsel Is Ordered to Show Cause Why They Should Not Be Required to Pay Plaintiffs' Reasonable Expenses, Including Attorneys' Fees, Incurred in Making the Motion to Compel.**

If this Court grants a motion to compel discovery—"***or if the disclosure or requested discovery is provided after the motion was filed***"—then this Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the Court should not require such a payment to be made if the responding party's "nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.*

Wilson Elser attorney Geoffrey A. Belzer, who represents C.H. Robinson in this action, submitted an affidavit that explained his client's delay in responding to Plaintiffs' Eighth and Ninth RPDs. (Doc. No. 130-1, PageID# 2316-21.) Among other things, Mr. Belzer states that "it was only after Plaintiffs filed their Motion to Compel that I learned that we – CHR's attorneys – first forwarded Plaintiff's 8th Request for Production to

CHR for compliance." (*Id.* at PageID# 2319.) Mr. Belzer further states that "[a]ny delay in CHR's response to Plaintiff's 8th RFP and 9th RFP is attributable to its counsel, and not to CHR." (*Id.* at PageID# 2321.)

The Court acknowledges the representation by CHR's counsel that they, and not their client, are responsible for the delay in responding to Plaintiffs' discovery requests that led to the filing of Plaintiffs' Motion to Compel (Doc. No. 123). Accordingly, CHR's counsel is **ORDERED** to show cause why they should not be required to pay Plaintiffs' reasonable expenses incurred in making the Motion to Compel, by filing a brief that addresses the issue **by no later than May 7, 2026**.

## IV. THE COURT SETS AN EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR SANCTIONS (DOC. NO. 123) FOR JULY 22, 2026, AND ORDERS DEFENDANT CHR TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED.

Next, the undersigned considers Plaintiffs' Motion for Sanctions (Doc. No. 123), which seeks sanctions for CHR's alleged manipulation of (and resulting failure to produce) critical evidence for the purpose of avoiding liability for Plaintiffs' claims. Specifically, Plaintiffs ask the Court to: "(a) strike CH Robinson's answer, (b) render CH Robinson in default of Plaintiffs' Complaint, and/or (c) designate as established for purposes of the action that CH Robinson is a motor carrier vicariously liable for truck driver Dayren Rocubert's negligence." (Doc. No. 123, PageID# 1589.)

A party who responds to a request for production must "supplement or correct its … response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). If that

party violates its obligation and "fails to provide information … as required by Rule … 26(e)," then it may be sanctioned "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may order that party to pay "reasonable expenses (including attorneys' fees) caused by the failure," inform the jury of the party's failure to provide the information, and "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)-(C). Among other things, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). This Court has wide discretion to determine the appropriate sanction(s) under Rule 37. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).

Before it dismisses an action or enters a default judgment as a Rule 37 sanction, this Court must consider: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *see Bank One of Cleveland N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990) (applying these factors to default judgments).

8

Although no one factor is dispositive, "dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes*, 307 F.3d at 458.

"In addition to rule-based authority, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). A court may exercise its inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers*, 501 U.S. at 45-46).

The Court finds that it is in the interest of justice to conduct an evidentiary hearing on Plaintiffs' Motion for Sanctions (Doc. No. 123) to ensure the integrity of the judicial process. Accordingly, the Court **SETS** an evidentiary hearing for **July 22, 2026 at 9:00 a.m. in Courtroom 3.** At the hearing, Plaintiffs may put on evidence as to why sanctions should be imposed. Defendant C.H. Robinson **must SHOW CAUSE** at the hearing as to why sanctions should not be imposed.

## V. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1. Plaintiffs' Third Motion to Compel (Doc. No. 123) is **GRANTED**. The Court **ORDERS** Defendant CHR to produce ALL documents responsive to Request No. 5 in Plaintiffs' Eighth Request for Production of Documents by no later than **May 7, 2026.**

2.  CHR's counsel is **ORDERED** to show cause why they should not be required to pay Plaintiffs' reasonable expenses incurred in making the Motion to Compel, by filing a brief that addresses the issue **by no later than May 7, 2026**.

3.  **The parties are notified that the Court will conduct an evidentiary hearing on Plaintiffs' Motion for Sanctions (Doc. No. 123) against Defendant CHR on July 22, 2026 at 9:00 a.m. in Courtroom 3. At the hearing, Plaintiffs may put on evidence as to why sanctions should be imposed. Defendant CHR must SHOW CAUSE at the hearing as to why sanctions should not be imposed.**

4.  Plaintiffs' Motion for Sanctions (Doc. No. 123) remains under consideration and will be decided after the July 22, 2026 hearing.

**IT IS SO ORDERED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

10