**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| MARY JOAN BOEHNE, *et al.*, | : | Case No. 3:23-cv-00158 |
| | : | |
| Plaintiffs, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| C.H. ROBINSON WORLDWIDE, | : | |
| INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ORDER DENYING DEFENDANT C.H. ROBINSON'S
MOTION FOR PROTECTIVE ORDER (DOC. NO. 159)**

Currently pending before the Court is a Motion for Protective Order (Doc. No. 159) filed by Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson"), which has now been fully briefed. For the reasons set forth below, the Motion is **DENIED.**

I. **BACKGROUND**

The Court previously ordered C.H. Robinson to appear at a hearing on July 22, 2026 and show cause why it should not be sanctioned for alleged discovery misconduct. (Order, Doc. No. 138.) C.H. Robinson subsequently stated its intent to *voluntarily* introduce documents and testimony protected by the attorney-client and work product privileges during the sanctions hearing.[1]

---

[1] "In order for C.H. Robinson to comply with that directive [to show cause], C.H. Robinson needs to present privileged documents and testimony, as C.H. Robinson's in-house and external counsel directed, and personally participated in, the initial investigations that are now *sub judice*." (Motion for Protective Order, Doc. No. 159 at PageID# 2825.)

**A.      C.H. Robinson's Motion for Protective Order (Doc. No. 159)**

In its Motion for Protective Order (Doc. No. 159), C.H. Robinson asks the Court

to enter a Proposed Protective Order ("Proposed PO") that would declare that C.H.

Robinson's voluntary disclosure of privileged information will not waive any privilege

and, in addition, will bar any further use or public disclosure of such information:

2. Privileged Material shall be used solely for purposes of taking testimony, introducing evidence, or making arguments at the evidentiary hearing on Plaintiffs' Motion, which is currently set for July 22, 2026 (the "Evidentiary Hearing"). Privileged Material shall not be used for any other purpose whatsoever, including, but not limited to, (a) during discovery or at trial in this matter, or (b) for any business, commercial, competitive, personal, or other purpose.

****

4. Under no circumstances shall any Privileged Material be provided to any media outlet, whether electronic, print, internet, or otherwise. Privileged Material may be disclosed only to the following individuals under the following conditions:

   a) Counsel for the named parties in this action and relevant in-house counsel for the parties;

   b) Outside experts or consultants retained by the parties or their counsel for purposes of the Evidentiary Hearing ….

   c) Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

   d) The Court and court personnel;

   e) Any witness appearing at the Evidentiary Hearing may be shown or examined on any Privileged Material if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the Privileged Material, or if C.H. Robinson expressly consents to such disclosure;

2

    f) Vendors retained by or for the parties or their counsel to assist in preparing for, or presenting at, the Evidentiary Hearing ….; and

    g) The parties….

5. Any transcript of the Evidentiary Hearing shall be designated as Privileged Material and shall be subject to this Protective Order….

6. Any Privileged Material which is to be filed with the Court shall be filed under seal.

    ****

8. The production of any information, document, or thing pursuant to this Protective Order shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. C.H. Robinson is producing the Privileged Material under this Protective Order without waiving any attorney-client privilege or work-product protection. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). However, nothing herein restricts the right of Plaintiffs to challenge C.H. Robinson's claim of attorney-client privilege or work-product protection of the Privileged Material.

(Proposed PO, Doc. No. 159-2 at PageID# 2872-74.)

        C.H. Robinson argues that the Proposed PO is authorized by Federal Rule of Civil Procedure 26(c)(1), which permits the entry of protective orders to protect parties from annoyance, embarrassment, oppression, or undue burden or expense. (Motion, Doc. No. 159 at PageID# 2832.) C.H. Robinson asserts that the undue burden is the "'Hobson's Choice' of waiving its privilege assertions or fully defending itself against the sanction sought by Plaintiffs." (*Id.*) C.H. Robinson asserts that good cause exists because "the potential waiver of claimed privilege is a 'defined and serious injury.'" (*Id*. at PageID# 2833 (quoting *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)).)

3

Alternatively, C.H. Robinson suggests that the Court could simply review the privileged documents *in camera* "for purposes of ruling upon Plaintiffs' Motion for Sanctions." (Motion, Doc. No. 159 at PageID# 2833.) This approach, C.H. Robinson explains, would avoid the need to disclose the documents to Plaintiffs' counsel and "would allow the Court to fully consider C.H. Robinson's defense to Plaintiffs' Motion for Sanctions." (*Id*.)

### B.     Plaintiffs' Opposition Brief (Doc. No. 165)

Unsurprisingly, Plaintiffs oppose the Motion. They argue that C.H. Robinson can either disclose and rely on its privileged information—and thereby waive the privilege—or rely on non-privileged information. (Doc. No. 165 at PageID# 3019.) "What [C.H.] Robinson cannot do, however, is a hybrid in which it attempts to defend itself by using the privileged investigation and documents while withholding them from Plaintiffs." (*Id*.) Plaintiffs argue that such an approach would impliedly waive the privilege because C.H. Robinson "cannot use the privilege as a shield and a sword." (Doc. No. 165 at PageID# 3019 (citing *In re United Shore Fin. Servs., LLC*, No. 17-2290, 2018 WL 2283893 (6th Cir. Jan. 3, 2018) (quoting *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).)

Plaintiffs state that they will not argue that C.H. Robinson's voluntary disclosure creates a broad waiver of all privileged information. However, Plaintiffs do contend that the waiver of privilege should extend "to the same subject matter at issue at the hearing: [C.H.] Robinson's investigation and discovery disclosures surrounding the Ohio and Indiana Loads." (Doc. No. 165 at PageID# 3020.)

4

Next, Plaintiffs argue that C.H. Robinson's request to seal all information related to the sanctions hearing does not satisfy the test in *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). (Doc. No. 165 at PageID# 3020-21.)

Finally, Plaintiffs argue that "an in-camera review conducted only for the Court's benefit, without any opportunity for Plaintiffs to see, test, or cross-examine the material C.H. Robinson relies on, impermissibly leaves Plaintiffs in the dark …. [and] simply relocates the sword-and-shield problem from [C.H.] Robinson's lap to chambers." (Doc. No. 165 at PageID# 3021.)

### C.    C.H. Robinson's Reply Brief (Doc. No. 173)

In its Reply Brief, C.H. Robinson raises a new argument—namely, that Ohio law recognizes an exception to the attorney-client privilege that "permits an attorney to reveal otherwise protected confidential information when necessary to protect his own interest." (Doc. No. 173 at PageID# 3560-61 (citing *Squire, Sanders & Dempsy, LLP v. Givaudan Flavors Corp.*, 127 Ohio St. 3d 161, 165 (2010).) However, C.H. Robinson does not acknowledge that the Ohio Supreme Court distinguished a cited case "on its facts because it dealt only with a *waiver* of the attorney-client privilege; we concern ourselves in the instant case with a common-law *exception* to the privilege, the self-protection exception." *Squire, Sanders & Dempsey, LLP*, 127 Ohio St. 3d 161, ℙ 44 (2010) (emphasis in original). Putting aside the fact that *Squire, Sanders & Dempsey, LLP* did not involve privilege waivers, C.H. Robinson also does not acknowledge that the self-protection exception only applies where it is "necessary to establish a claim for legal fees on behalf of the attorney or to defend against a charge of malpractice or other wrongdoing in

5

litigation between the attorney and the client." *Id*. at syll. ⁋ 1. Finally, C.H. Robinson does not explain why an exception that allows ***attorneys*** to testify about their privileged communications should also extend to their ***clients***. Nevertheless, C.H. Robinson "respectfully submits that the same logic should apply to this Court's consideration of" its Motion for Protective Order. (Doc. No. 173 at PageID# 3561.)

Next, C.H. Robinson denies that it is attempting to use privileged information as both a sword and a shield. Instead, C.H. Robinson represents that "[i]t is seeking to specifically provide all documents referenced in its privilege log to the Court and Plaintiffs, in a manner that would allow for both cross-examination and the Court's review of the entirety of these materials." (Doc. No. 173 at PageID# 3563.) However, C.H. Robinson also states that it is "seeking to produce documents under a protective order, to provide copies of those documents to opposing counsel for purposes of use at a sanctions hearing, and to allow such production to occur without a waiver of attorney-client privilege." (*Id*.) Thus, C.H. Robinson's willingness to disclose and rely upon its privileged information appears to be contingent upon entry of the Proposed PO.

Notably, C.H. Robinson ***does not discuss*** the Sixth Circuit's *Shane Group* test, which is a prerequisite to sealing documents in court proceedings and was specifically raised by Plaintiffs. Instead, C.H. Robinson broadly argues that public policy favors protecting privileged information from disclosure, particularly where (as in this case) Plaintiffs have already discussed this case with the media.[2]

---

[2] C.H. Robinson asserts that "Plaintiffs have already discussed this case publicly in an interview and news story aired by CBS News, and … one witnesses' deposition testimony has been posted publicly and

Finally, C.H. Robinson argues that the alternative option of an *in camera* review would provide it with a meaningful opportunity to respond to Plaintiffs' sanctions motion "without any impact on attorney-client privilege." (Doc. No. 173 at PageID# 3565.)

## II.    LAW AND ANALYSIS

The Court construes the Motion for Protective Order as seeking a ruling on three issues that arise from C.H. Robinson's stated intent to disclose and rely on privileged documents and testimony during the sanctions hearing. First, will C.H. Robinson's voluntary disclosure of privileged information waive any and all privileges that apply to the <u>disclosed</u> information? Second, will such a disclosure waive any and all privileges that apply to <u>undisclosed</u> information that relates to the same subject matter? Third, will the Court agree to seal the sanctions hearing in its entirety—including not only privileged information that C.H. Robinson proposes to disclose and rely upon during that hearing, but also the entire transcript of that hearing? The Court will address each issue below.

### A.    If C.H. Robinson Voluntarily Discloses Privileged Information During The Sanctions Hearing, Then It Will Waive All Privileges That Apply To The Disclosed Information.

Governing Sixth Circuit law requires this Court to hold that if C.H. Robinson voluntarily discloses privileged information during the sanctions hearing, then it will waive the attorney-client privilege with respect to the disclosed information. *See In re FirstEnergy Corp.*, 154 F.4th 431, 443 (6th Cir. 2025) ("Voluntarily disclosing the substance of privileged communications to a third party, sure enough, generally waives

---

analyzed in a manner that is prejudicial to C.H. Robinson, and thus imperils C.H. Robinson's ability to obtain a fair trial on Plaintiffs' allegations." (Reply Brief, Doc. No. 173 at PageID# 3564.)

the attorney-client privilege as to those communications"); *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 527 (6th Cir. 2022) ("Ordinarily, the voluntary disclosure of attorney-client privileged communications to a third party waives the privilege as to those communications."); *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) ("The attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties."). C.H. Robinson will also waive all work-product protections with respect to the disclosed information. *In re FirstEnergy Corp.*, 154 F.4th at 443 ("And parties likewise generally waive work-product protection by voluntarily disclosing the substance of protected communications to an adversary.").

Because C.H. Robinson did not cite or discuss these governing Sixth Circuit cases, it has not shown why this Court should not follow them. The Sixth Circuit's general rule also persuades the Court not to exercise its discretion to issue a protective order under Federal Rule of Civil Procedure 26(c)(1), as it is not an undue burden to elect to waive applicable privileges by voluntarily disclosing privileged information.

C.H. Robinson's reliance on the self-protection exception to the attorney-client privilege recognized in *Squire, Sanders & Dempsey, LLP* is also unavailing. As an initial matter, it is well-established that the Court does not consider arguments raised for the first time in a reply brief. And even if the Court were to consider this argument, it would reject it. The case involves an exception to the privilege, not a waiver. The exception is intended to allow attorneys to waive the attorney-client privilege when they are in litigation against their client—which is not the case here. And C.H. Robinson cites no

8

cases that have held that the self-protection exception allows clients to voluntarily disclose privileged information without thereby waiving the privilege.

Finally, the Court declines C.H. Robinson's suggestion to review the privileged information *in camera* and rely upon it to rule on Plaintiffs' Motion for Sanctions, without giving Plaintiffs the opportunity to review the information, challenge it, and argue about its meaning, significance and application. Such an approach would violate the fundamental tenets of due process (notice and the opportunity to be heard).

**B.      The Question Of Whether Such A Disclosure Will Create A Subject Matter Waiver For Undisclosed Information Is Premature And The Court Declines To Rule On It At This Time.**

The question of whether a voluntary disclosure of privileged information will create a subject matter waiver is governed by Federal Rule of Evidence 502(a), which provides in relevant part:

(a) *Disclosure Made In A Federal Proceeding Or To A Federal Office Or Agency; Scope Of A Waiver*. When the disclosure is made in a federal proceeding … and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

(1) the waiver is intentional;

(2) the disclosed and undisclosed communications or information concern the same subject matter; and

(3) they ought in fairness to be considered together.

At this stage, it is premature for the Court to decide whether, and to what extent, C.H. Robinson's future disclosure of privileged information will effectuate a subject matter waiver based upon the factors set forth in FRE 502(a). After the July 22, 2026

9

sanctions hearing, Plaintiffs will have the opportunity to renew their argument that a subject matter waiver has occurred. **The Court will hear argument at the conclusion of the July 22, 2026 sanctions hearing** as to whether it should grant Plaintiffs leave to conduct discovery related to whether (and to what extent) a subject matter waiver occurred based upon the information disclosed during the hearing. The parties should be prepared to discuss the timing and scope of any such discovery. In addition, the Court will consider whether to reconvene the sanctions hearing and/or permit the filing of supplemental briefs and evidence before it rules on Plaintiffs' Motion for Sanctions.

> **C.      Because C.H. Robinson Has Not Met Its Heavy Burden Of Overcoming The Presumption That Court Proceedings And Records Are Open To The Public, The Court Will Not Seal Any Portion Of The Sanctions Hearing, Including Exhibits Or Testimony.**

The Court finds that C.H. Robinson has not met its heavy burden of overcoming the strong presumption that judicial proceedings are open to the public. Therefore, the Court will not seal any portion of the sanctions hearing, including any exhibits or testimony containing information that was once privileged but no longer is because the voluntary disclosure of that information waived any applicable privileges.

There is an important distinction between an agreement among parties to limit public disclosure of information during discovery proceedings and a Court order that seals information filed by the parties to assist in the adjudication of a case. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* "Unlike information merely exchanged between the

parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The Court's obligation to make its records "open for public inspection . . . is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-cv-514, 2017 WL 11454396, at \*1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Group*, 825 F.3d at 307).

Accordingly, a party that seeks to seal court records bears a "heavy" burden of overcoming the "'strong presumption in favor of openness' as to court records." *Shane Group*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* Such compelling reasons may include trade secrets, information protected by a recognized privilege, or information protected by statute. *Id.* at 308. But even if there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). And the extent of the seal "must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group*, 825 F.3d at 305-06 (quotation omitted). Ultimately, the movant must show, with specificity, that "disclosure will work a clearly defined and serious injury." *Id.* at 307-08 (internal citations and quotations omitted).

In sum, a party that seeks to seal documents filed with the Court must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in

11

sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637. The Court must then make specific findings and conclusions to justify sealing the records. *Shane Group*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

As discussed above, C.H. Robinson has not even attempted to meet its heavy burden under *Shane Group*. Therefore, the Court cannot make the findings necessary to overcome the strong presumption that court proceedings are open to the public. It therefore will not seal any part of the sanctions hearing, including exhibits or testimony.

## III.    CONCLUSION

For the reasons set forth above, C.H. Robinson's Motion for Protective Order (Doc. No. 159) is **DENIED.**


**IT IS SO ORDERED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

12